The plaintiff is a corporation without capital stock, located in the town of Litchfield. It was incorporated and organized under the laws of this state in 1930, and among its articles of incorporation is the following, disclosing its purpose: "To forever maintain a school or schools in or near Litchfield, in Litchfield County, for the education and training of boys." It has in conjunction with the boys' school a school for girls, somewhat removed as to location, but the girls use some of the rooms and school facilities heretofore used exclusively for boys.
On the date for filing property lists with the assessors of said town, October 1, 1945, the plaintiff owned real estate in said town of Litchfield, with buildings and improvements thereon, and certain personal property, which property has at all times been used exclusively for educational purposes.
The evidence discloses that the school is free from social or financial distinction or discrimination. It has a reasonably high standing in the education field and some of its graduates have been accepted by such prominent universities as Princeton, yale, M. I. T., Wesleyan, University of Connecticut, and other colleges of similar type. *Page 445 
A very small percentage of the pupils receive scholarships entitling them to free tuition and a similarly small percentage receive tuition at less than the established rates, which rates are $1500 for boy boarders, including tuition and services, $1600 for girl boarders, including tuition and services, and $500 for nonresident students.
In May, 1934, the articles of association of the plaintiff's schools were amended, and in addition to changing the name the amendment provided that "the purposes for which said corporation is formed shall be to forever maintain a school at or near Litchfield, in Litchfield County, for the education and training of young boys," and "no member, corporator, officer or employee, as such, shall receive any compensation for his services in behalf of the corporation nor any pecuniary profit from his membership therein. No officer, member or employee of the corporation shall receive any pecuniary profit from its operation except reasonable compensation for his services in effecting one or more of its purposes."
All of the property claimed to be exempt in this proceeding is located in the defendant town. The headmaster receives a salary of $1000, plus living accommodations and reimbursement for necessary traveling expenses. Teachers therein receive salaries averaging $1500 per year. The plaintiff has no further source of income other than the property used in the operation of the school, tuition fees and some small gifts.
The plaintiff filed a tax exempt report and claim for exemption with the board of assessors in the town of Litchfield prior to October 1, 1945, on blanks prepared by the tax commissioner of the state, and said board accepted the status of nontaxability of the plaintiff's property by not including said property in the list of taxable property of said town for the year 1945.
The board of tax review, of its own motion, placed the property in said list in the amount of $88,940 and added thereto a penalty of 10 per cent for failure to file a list, which made a total assessment by said board of tax review on plaintiff's property of $97,834.
The plaintiff, feeling aggrieved by the action of said board of tax review, appeared before said board by its duly authorized agent, offered to be sworn and to answer all inquiries which said board might wish to make, and requested said board to *Page 446 
exempt its property from assessment, but notwithstanding said board refused to alter its action in listing plaintiff's property or any part thereof for assessment.
Within two months of the time of said action of the board and its refusal to exempt said property, the plaintiff made application to this court in the nature of an appeal therefrom.
It is admitted that the articles of association are in proper order and it is stipulated that the plaintiff had filed proper tax exempt forms as by law required, so that the first question before the court is, Is the property of the plaintiff devoted to public use? and, secondly, if the court should so find, Is § 1163(7)(a) unconstitutional?
The burden of proof in this case is upon the plaintiff to establish its right to tax exemption under the statute. The school has a capacity of approximately seventy-five students, of which about fifty-one are boys and the remainder girls. The plaintiff relies on the law as appearing in Edgewood School, Inc. v.Greenwich, 131 Conn. 179, 183, wherein the court, in its opinion, stated: "Its property is sequestered for educational uses and neither it nor any person can secure any profit from its operations. This brings it squarely within the four corners of the statute. The only two requirements stated therein are fulfilled. The holding and dicta referred to by the defendant in cases decided both before and after the 1927 amendment do not require a contrary conclusion."
The court, in the Edgewood School case, supra, carefully reviewed all of the facts in the case before it and cited all the cases which had been cited since the change in the exemption statute. It then compared the facts of the case with those of the Connecticut Junior Republic Assn., Inc. v. Litchfield,119 Conn. 106. After considering the law as in the latter case appearing it laid down the rule above set forth in the EdgewoodSchool case.
It is not entirely clear to this court whether the court in theEdgewood School case intended to express the purpose underlying the exemption statute or to introduce some standard of compliance to be necessarily implied from the wording of the statute. Nowhere in the decision is the distinction between the 1927 act and the older statute discussed nor does the court comment upon the fact that the statute as now phrased demands such particular requirements as would exclude other standards *Page 447 
based only on implications or historical tradition. It must be borne in mind that the court in the Edgewood School case was rendering its opinion from the facts of that case as they appeared before it.
Do the three short sentences near the end of the opinion (p. 183). . . "Its property is sequestered for educational uses and neither it nor any person can secure any profit from its operations. This brings it squarely within the four corners of the statute. The only two requirements stated therein are fulfilled," . . . provide a general rule of law applicable to all cases, regardless of the facts, as to the existence of public school character, or is it restricted solely to the facts before the Supreme Court of Errors at the time the decision in the Edgewood School case was rendered?
The defendant's claim that this last statement is sufficient to overrule and nullify all the previous holdings of the court during the last fifty years is not borne out because none of the several previous cases founded on the 1927 statute have been overruled or modified and because, as aforesaid, the careful comparison of the facts in the Edgewood School case with theConnecticut Junior Republic case indicate that the rule applied solely to those facts.
It seems to this court that it is still necessary that each case arising under this statute stand or fall by the facts and if it is found that the facts do not disclose that the property is devoted to public use no exemption exists. Previous law construing this statute seems firmly embedded in our law and to obtain the exemption under the statute property must in fact be sequestered from private use. The law must be complied with by filing proper tax exempt forms (it is stipulated that this has been done in this case); and, further, the school property must be devoted to public use (this question as aforesaid seems to be the main question for decision).
As heretofore stated, the burden of proof is upon the plaintiff to establish its right to this tax exemption. It is true that the purpose of plaintiff's school was to establish and maintain a private school, coeducational in character, but only two pupils out of seventy-five come from Litchfield and vicinity. In theEdgewood School case most of its pupils came from the defendant town of Greenwich and vicinity. *Page 448 
Plaintiff's school has seventy-five students, all but two of whom are boarders. In the Edgewood School, one hundred and fifty students attended, sixty of whom were boarders. The plaintiff has failed to prove that it specializes in the education of pupils who, for various reasons, have difficulty in adjusting themselves to the public school, as was the case in the Edgewood School case. In the latter case pupils were frequently referred to the school for this reason by public and private school teachers and officials of social agencies. The plaintiff in this instance has failed to prove that fact.
There was no evidence that the school is highly democratic, as in the Edgewood School case, but it is free from social or financial distinctions. Plaintiff has failed to prove that its pupils take care of the maintenance of the property, keep rooms in order, wait on table, care for vegetable gardens, cut firewood and perform similar self-sustaining functions, as in the Edgewood School case.
The court is unable to find that the school is operated, insofar as its accommodations permit, as a public school. The amount of awards for scholarships in the plaintiff's school are not sufficient for the court to find that no worthy applicant has ever been rejected for inability to pay the established rates or for other financial or social reasons.
Plaintiff's teachers are paid moderate salaries, and tuitions, as aforesaid, are considerably higher than those of the Edgewood School, where the tuition ranged from $150 in lower grades to $450 in the upper grades, for day pupils. The rates for boarders in both schools are substantially the same.
It was found in the Edgewood School case that free scholarships were given to about thirty day pupils but the plaintiff in this case has failed to disclose that any scholarships were awarded in the year in question.
The plaintiff has produced no proof that its school has on occasion loaned its facilities to the town, as in the EdgewoodSchool case, for scientific study or has made its manual training facilities available to the inhabitants of the town; nor has plaintiff offered evidence of any annual rebate in tuition to pupils from the town of Litchfield; nor has the plaintiff proved whether or not it operates at a gain or loss. It will be noted that it appeared in the Edgewood School case that the average annual deficit of that school over ten years prior had been $21,600 *Page 449 
It is significant that at page 183 of the Edgewood School case aforesaid, the court stated: ". . . the plaintiff is organized to care for educationally exceptional and underprivileged children: nearly 20 per cent of its expenses are met by charitable gifts By caring for this type of child, it not only relieves the public school system of a number of pupils but, even though that number be comparatively small, it serves the interests of the general public. Such children are a great burden and responsibility on the teachers and a disturbing element in the school."
As stated in Pomfret School v. Pomfret, 105 Conn. 456, 461, "There is absent the element of free tuition to pupils in the town or district, or of tuition charges so moderate to all as to afford an economical substitute for a high school or other secondary institution maintained by the municipality. . . ."
The court is compelled to find that the plaintiff's schools fall short of the tests applied in the Edgewood School case, supra, and the plaintiff also falls short of meeting the test of devotion of its property to public use; nor does it perform functions which would otherwise devolve upon the state or other municipal government. This seems obvious when we consider that the defendant town during the tax year in question provided education for seven hundred and sixty-nine pupils and the only burden plaintiff's school could claim to have lifted from the town is two pupils, each of whom paid $500 to the plaintiff.
The evidence discloses further that since the founding of the school in 1930 but three local boys received some scholarship assistance. The amount was not disclosed. It, therefore, is apparent that plaintiff's school is not open to all comers on a free or moderate cost basis. The plaintiff having failed to establish by a fair preponderance of the evidence its right to tax exemption under the statute and having failed to fulfill the requisite that its property be devoted to public use, it is not entitled to the exemption claimed.
In view of the conclusions reached it is unnecessary to consider the claim of unconstitutionality.
 Judgment may enter sustaining the action of the board of tax review of the defendant town, and the appeal is dismissed.