FAITH CENTER, INC. *v.* CITY OF HARTFORD ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NOS. 142826, 216493
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed July 29, 1982

*Gordon T. Allen,* for the plaintiff.

*Richard M. Cosgrove,* assistant corporation counsel, for the defendant (city of Hartford).

*Hoppin, Carey & Powell,* for the defendant (town of Avon).

CHARLES S. HOUSE, STATE REFEREE. In the first case, the plaintiff brought an action against the city of Hartford and the town of Avon by writ, summons and complaint returnable to the Court of Common Pleas on the fourth Tuesday of October, 1977. The action was brought pursuant to the provisions of General Statutes § 12-119 entitled "Remedy when property wrongfully assessed" and applied for relief from taxes levied against personal property of the plaintiff on the October 1, 1976 grand list in each of the municipalities.

In the second case, the plaintiff brought another action against each of the two municipalities by writ, summons and complaint returnable to the Superior Court on February 28, 1978. In this action the plaintiff sought a declaratory judgment declaring personal property of the plaintiff in each of the municipalities to be tax exempt and the continued or prospective taxation of such personal property to be illegal and unconstitutional.

By order of the Superior Court dated July 20, 1981, the two cases were consolidated and were referred to the undersigned state trial referee for hearing and judgment.

As originally filed, the application in the first case was in six counts, the first three counts directed against the city of Hartford and the fourth, fifth and sixth counts against the town of Avon. Briefly stated, each count referred solely to the assessment of personal property of the plaintiff on the list of October 1, 1976, which in Hartford resulted in a tax levy of $23,181.40 and in Avon in a tax levy of $3914.70.

In each count the plaintiff alleged that it is a religious organization, that "the principal or income of the plaintiff is used or appropriated for no other purpose than religious," and that its personal property was exempt

from taxation because of the provisions of General Statutes § 12-81 (12) which provides tax exemption for "[p]ersonal property within the state owned by, or held in trust for, a Connecticut religious organization, whether or not incorporated, if the principal or income is used or appropriated for religious or charitable purposes or both."

The plaintiff also alleged in the third and sixth counts that the assessment and taxation of its property "occasions excessive governmental entanglement with religion" in violation of the first amendment to the United States constitution, article I of the "Magna Charta," the Preamble to the 1638 Fundamental Orders of Connecticut and article first, §§ 3 and 20 and article seventh of the Connecticut constitution.

By way of relief related to these six counts, the plaintiff sought a refund of the taxes it had paid to each defendant on the list of October 1, 1976, an order removing the personal property of the plaintiff from the tax lists of both defendants and "such other relief as this court may deem just and appropriate."

To the allegations of these six counts addressed to it, the defendant city of Hartford pleaded a general denial. The town of Avon admitted the allegation that it had levied a tax of $3914.70 on the list of October 1, 1976 on personal property of the plaintiff but as to all the other allegations pleaded a denial or insufficient information to form a belief, leaving the plaintiff to its proof. By way of special defense, Avon pleaded that at no time prior to the commencement of the action had the plaintiff presented or offered to present to any proper official of the town any evidence in support of its claim of tax exempt status and that the plaintiff had failed and refused to use an available administrative remedy.

By an "Amended Complaint" dated June 8, 1981, the plaintiff added two counts to its original complaint in the first case. The two counts were similar in content, the new seventh count being addressed against the defendant city of Hartford and the eighth count addressed against the town of Avon. Each added count incorporated, by reference, most of the paragraphs of the first count of the complaint and then added two paragraphs, similar as to each of the municipalities. The substance of the added allegations was that the granting to the plaintiff of tax exempt status by the federal government as a religious organization under §§ 501 (c) (3) et seq. of the Internal Revenue Code and the maintenance of that status "definitively established the plaintiff as a 'religious organization' entitled without qualification to a personal property tax exemption under the precise wording of § 12-81 (12) of the Connecticut General Statutes." It is further alleged that the refusal of the defendant municipality to recognize the plaintiff as a religious organization entitled to tax exempt status is violative of the supremacy clause of the United States constitution and the resulting deprivation of the plaintiff's rights under the first and fourteenth amendments to the United States constitution affords to the plaintiff "an additional cause of action under Title 42 U.S.C. § 1983 against the defendant, said statute providing that anyone who, under color of state statute, deprives another of rights, privileges or immunities secured by the constitution and laws of the United States shall be liable to the injured party, the plaintiff herein."

By way of relief under these added counts, the plaintiff claimed a refund of the taxes paid on the October 1, 1976 lists of both defendants, an order removing the property of the plaintiff from the tax list of both defendants, such other relief as the court deems just and

appropriate and an award of attorney's fees "pursuant to Title 42 U.S.C. § 1983."

By way of answer to the added seventh count, the defendant city of Hartford repeated its general denial of the paragraphs incorporated from the first count, denied the newly added allegations, by way of special defense pleaded that the claims of the plaintiff were barred by the statute of limitations and by way of counterclaim claimed attorney's fees should it prevail on the seventh count.

By way of its answer to the added eighth count, the defendant town of Avon pleaded insufficient information to form a belief as to the allegations of paragraphs one through thirteen, leaving the plaintiff to its proof, denied the allegations of the newly added two paragraphs numbers fourteen and fifteen, and by way of counterclaim claimed an award of attorney's fees under the provisions of title 42 of the United States Code § 1988 in the event that it should prevail in the present action.

In the second case, the plaintiff's amended complaint was in eight counts, the first four directed against the defendant city of Hartford and the last four against the town of Avon. The first eleven paragraphs of each count are in the same language and, briefly summarized, recite that the plaintiff is a nonprofit church corporation which owns and operates television station WHCT, Channel 18, that it is exempt from federal income taxes, from the payment of federal unemployment tax contributions, from the Connecticut unemployment compensation tax, from the Connecticut sales and use tax, and from the Connecticut corporation business tax, all of which exemptions recognize the plaintiff's status as a church. Count one then further alleges that the defendant city of Hartford levied and collected taxes on the plaintiff's personal property in excess of

$100,000 since the plaintiff received the Channel 18 station in February, 1972. Count two further alleges that the principal and income of the plaintiff is used or appropriated for no other purpose than religious and that the defendant city of Hartford has wrongfully and illegally denied the plaintiff exempt status on its personal property located in Hartford since under the provisions of General Statutes § 12-81 (12) that property is exempt from taxation and should have been removed from the city's tax list "immediately upon notice of its being church property." Count three further alleges that if the plaintiff was denied tax exemption of its personal property on the ground that the plaintiff was not a Connecticut religious corporation, denial on that ground unconstitutionally denied the plaintiff equal protection of the laws. Count four alleges that the plaintiff "qualifies in each and every particular for the exemption of its personal property stated in General Statutes § 12-81 (12)" and that taxation of the plaintiff church unconstitutionally occasions excessive governmental entanglement with religion.

Counts five through eight are addressed against the town of Avon and recite against that town the same allegations as are directed against the city of Hartford in the first four counts.

By way of relief in the second case, the plaintiff claims (1) a declaratory judgment that the plaintiff's personal property is exempt from taxation pursuant to § 12-81 (12) of the General Statutes, (2) a declaratory judgment that the defendants' continued or prospective taxation of the plaintiff's personal property is illegal and unconstitutional, and (3) such other relief as the court may deem just and appropriate under the circumstances.

It was on the basis of the multitudinous allegations contained in the sixteen counts of the plaintiff's two

complaints, as thus briefly summarized, that the consolidated cases were tried.

Before discussing the merits of the decisive issues raised in the two cases, it is pertinent to note the provisions of General Statutes § 12-109 concerning one of the duties of assessors as well as the factual background of the dispute between the parties and certain allegations of fact which have been admitted or proved as well as certain ones which have not been proved.

General Statutes § 12-109 provides: "All property exempted from taxation except public highways, streets and bridges, shall be listed, valued and assessed annually by the assessor of each municipality and such valuation shall be added by the assessor to the grand list in such manner as to be separate from the valuation of property not exempted from taxation."

From the admissions of the parties and from the evidence the following facts are found to have been proved: The plaintiff, Faith Center, Inc., is a religious organization incorporated under the laws of the state of California. It was incorporated there in 1947 under the name of Maple Chapel and its name was changed to Faith Center, Inc. in 1966. In 1971 it applied for a certificate of authority to do business or conduct affairs in Connecticut and in 1972 and again in 1977 it was issued a tax-exemption permit under the provisions of the Connecticut Sales and Use Tax Act.

In 1972 the plaintiff received as a gift the television station WHCT-TV, Channel 18, and since that time has operated that television station. At the relevant times in question, the studios of the station were located at 555 Asylum Avenue in Hartford and its transmitter has been located at 580 Deerfield Avenue in Avon. The Avon personal property which is the subject of the pres-

ent litigation was located at the transmitter site and the Hartford property was, until 1981, located at the studio in Hartford.

As the parties stipulated, for the period from 1972 through December 31, 1976, the content of the television programs broadcast by Channel 18 as divided between religious and nonreligious programs remained substantially the same. Under the terms of the gift of the station, the plaintiff was required to carry out the existing broadcasting contracts of the station. Its broadcasts included such programs as "Lassie," "Lawrence Welk" and "Bozo the Clown," all of which included commercial advertising.

On November 14, 1972, the plaintiff's general manager of the station testified before the Avon planning and zoning commission that 40 percent of the station's broadcasting consisted of Christian religious programming and 60 percent was regular commercial programming. The assessor of the town of Avon was present at this hearing and heard this testimony.

In 1972 the plaintiff applied to the assessors of the city of Hartford and of the town of Avon for tax exemption for its personal property in each town. Both assessors denied the application and each placed the plaintiff's personal property located in the respective municipalities on the respective grand lists of taxable property for 1972. The plaintiff did not appeal either the denial of the applications for tax exemption or the amount of the assessment to the board of tax review in either municipality or to the Court of Common Pleas. It paid the personal property taxes levied against it by the city of Hartford on the list of October 1, 1972. In denying the plaintiff's application for tax exemption, the Hartford assessor, on April 25, 1972, wrote: "Channel 18 is a commercial operation and for this reason

we feel that an exemption cannot be granted even though it is owned by Faith Center, Inc., a religious organization.''

In 1973, the plaintiff applied to the Hartford assessor for tax exemption of its personal property located at its Hartford studio. This application was denied and no appeal was taken either to the board of tax review or to the Court of Common Pleas.

On October 30, 1973, the plaintiff filed with the Hartford assessor a signed ''Merchants and Traders Personal Property Schedule'' (which contained a statement that the list contained all of the taxable property of the plaintiff as required by General Statutes § 12-49). The schedule indicated that the net depreciated value of the plaintiff's personal property was $501,513. The assessor accepted these figures and based his 1973 assessment of $326,000 on them. No appeal was taken from the assessment and the plaintiff paid 75 percent of the taxes levied on the October 1, 1973 list.

On October 31, 1974, the plaintiff filed the same schedule form showing the net depreciated value of the personal property to be $411,648 and, using the plaintiff's figures, the assessor assessed the personal property at $289,100. No appeal was taken from this assessment.

In 1975, the same schedule was sent to the Hartford assessor by the station's bookkeeper with a letter explaining that the original was sent to the plaintiff's treasurer for his signature. Using the submitted figures, the assessor assessed the plaintiff's personal property at $256,000 and again no appeal was taken.

Similar documents were filed with the Avon assessor in 1974 and 1975, but no Merchants and Traders Personal Property Schedules for October 1, 1976 were filed with either the Hartford or the Avon assessors.

The respective municipal assessments on the list of October 1, 1976 were predicated at the same valuation as in 1975 plus, in Hartford, a 10 percent penalty. No appeal was taken to the board of tax review.

At no time did the plaintiff ever furnish to the assessor of either municipality any information as to the extent that the personal property of Channel 18 was used for religious or commercial purposes or as to the use that was made of the receipts from the operation of Channel 18.

On or about March 11, 1977, the Hartford taxes on the list of October 1, 1976 were collected as the result of action taken by the assessor pursuant to the provisions of General Statutes § 12-163 providing for the jeopardy collection of taxes.

As the parties stipulated, taxes on the plaintiff's personal property located at Channel 18's transmitter facilities within the town of Avon on the list of October 1, 1976 and for all subsequent years remain unpaid.

In connection with material facts which the parties alleged and claim to have proved it is also pertinent to note material facts alleged but which are found not to have been proved.

Despite the plaintiff's claim to have proved its repeated affirmative allegations that "[t]he principal or income of the plaintiff is used or appropriated for no other purpose than religious," that allegation was not proved with respect to the subject property. In connection with this allegation it should be noted that at no time from 1972 through the close of the trial did the plaintiff submit to the assessors of the defendant municipalities or to the court any evidence whatsoever concerning the financial operations of Channel 18 or how the income from that operation was used or appropriated. It should also be noted that in determin-

ing the taxability of the personal property of the plaintiff used in that operation, inquiry as to the value of the property and the use of the income from it was strictly limited to that operation only.

Another material failure of proof on the part of the plaintiff concerns the allegations contained in paragraph fourteen of the seventh and eighth counts of the June 8, 1981 amended complaint. The seventh count is directed against the defendant city of Hartford and the eighth count against the defendant town of Avon and the language in each count is the same: "The granting to the plaintiff of tax exempt status by the federal government as a religious organization under §§ 501 (c) (3) et seq. of the Internal Revenue Code, and the maintenance of such status definitively established the plaintiff as a 'religious organization' entitled without qualification to a personal property tax exemption under the precise wording of § 12-81 (12) of the Connecticut General Statutes."

There was a complete failure of proof by the plaintiff of this allegation that such a grant of exempt status was ever made or maintained. Parenthetically it may be noted that even if it were proved, any exemption resulting from such a grant would not be "without qualification" since the precise wording of General Statutes § 12-81 (12) grants that exemption subject to the qualification "*if* the principal or income is used or appropriated for religious or charitable purposes or both." (Emphasis added.) See also § 511 of the Internal Revenue Code entitled "Imposition of tax on unrelated business income of charitable, etc., organizations."

Other aspects of the consolidated cases should properly be noted before any discussion of a decision in the cases: The defendants both conceded and it is found that the plaintiff is a "religious organization"

as that term is used in General Statutes § 12-81 (12). It was also conceded and is found that although the plaintiff is a California and not a Connecticut religious organization it is nevertheless entitled to the same benefits of General Statutes § 12-81 (12) as a Connecticut religious organization would be by virtue of the provisions of the fourteenth amendment to the United States constitution. See *WHYY* v. *Glassboro,* 393 U.S. 117, 89 S. Ct. 286, 21 L. Ed. 2d 242 (1968). The plaintiff was not denied tax exemption because it is not a Connecticut religious organization.

Certain general principles of law govern cases such as the present ones where a party claims that property is exempt from taxation. " 'It is a settled rule of law that statutes which exempt from taxation are to be strictly construed against the party claiming an exemption.' " *Crescent Beach Assn.* v. *East Lyme,* 170 Conn. 66, 71, 363 A.2d 1045 (1976); *Wiegand* v. *Heffernan,* 170 Conn. 567, 582, 368 A.2d 103 (1976); *Hartford Hospital* v. *Board of Tax Review,* 158 Conn. 138, 147, 256 A.2d 234 (1969). "Exemptions, no matter how meritorious, are of grace, and must be strictly construed. They embrace only what is strictly within their terms." *Hartford* v. *Hartford Theological Seminary,* 66 Conn. 475, 482–83, 34 A. 483 (1895); *Woodstock* v. *The Retreat, Inc.,* 125 Conn. 52, 56, 3 A.2d 232 (1938). As the Supreme Court noted in *Snyder* v. *Newtown,* 147 Conn. 374, 386, 161 A.2d 770 (1960), appeal dismissed, 365 U.S. 299, 81 S. Ct. 692, 5 L. Ed. 2d 688 (1961): "Exemption from taxation is the equivalent of an appropriation of public funds, because the burden of the tax is lifted from the back of the potential taxpayer who is exempted and shifted to the backs of others. *Lyman* v. *Adorno,* 133 Conn. 511, 516, 52 A.2d 702 [1947]. The owners of tax-exempt property in the community derive the same benefits from government

as other property owners but pay no property taxes for those benefits."

It is also well settled that the burden of proving entitlement to a claimed tax exemption rests upon the party claiming the exemption. *Curly Construction Co.* v. *Darien,* 147 Conn. 308, 160 A.2d 751 (1960); *Burritt Mutual Savings Bank* v. *New Britain,* 146 Conn. 669, 154 A.2d 608 (1959); *Cooley Chevrolet Co.* v. *West Haven,* 146 Conn. 165, 148 A.2d 327 (1959); *Forman Schools, Inc.* v. *Litchfield,* 14 Conn. Sup. 444, rev'd on other grounds, 134 Conn. 1, 54 A.2d 710 (1947).

The basic question presented to the court for decision in these cases is—has the plaintiff proved by a fair preponderance of the evidence that on the tax lists of October 1, 1976, in Avon and Hartford the assessors included an assessment of personal property of the plaintiff, a religious organization, which property is exempt from taxation under the provisions of General Statutes § 12-81 (12)? All of the pleadings, evidence and arguments of the plaintiff boil down to the assertion that it has proved that it is a religious organization, that as such it is exempt from the payment of many different kinds of taxes and that having proved that it is a religious organization "the exemption involved here in this case should have been automatically granted." The contention of the defendants is that, granting that the plaintiff is a religious organization, its personal property involved here was, in 1976, property used at least in large part in the plaintiff's operation of Channel 18 as a commercial enterprise and, accordingly, pursuant to the express condition contained in § 12-81 (12), that property was entitled to tax exemption only to the extent that "the principal or income is used or appropriated for religious or charitable purposes or both"—a condition for tax exemption which the plaintiff has failed to prove.

From all the evidence submitted, it is concluded that the contention of the defendants is correct and that the plaintiff has failed to sustain its burden of proving that the subject personal property was wrongfully assessed.

In reaching this conclusion, the court has not overlooked the contentions of the plaintiff that the denial of its claim for exemption deprived it of equal protection of the law or that requiring it to prove its allegations that the subject property was exempt from taxation involved a constitutionally "excessive governmental entanglement with religion" or that the assessment and collection of the subject taxes unconstitutionally "discriminates against the free exercise of the plaintiff Church's religious worship." None of these broad claims has been proved. As the United States Supreme Court observed in the recent case of *United States* v. *Lee,* 455 U.S. 252, 257, 102 S. Ct. 1051, 71 L. Ed. 2d 127 (1982): "Not all burdens on religion are unconstitutional." That court further stated (p. 260): "Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax." See also *Larson* v. *Valente,* 456 U.S. 228, 102 S. Ct. 1673, 72 L. Ed. 2d 33, reh. denied, 457 U.S. 1111, 102 S. Ct. 2916, 73 L. Ed. 2d 1323 (1982); *Lemon* v. *Kurtzman,* 403 U.S. 602, 614, 91 S. Ct. 2105, 29 L. Ed. 2d 745, reh. denied, 404 U.S. 876, 92 S. Ct. 24, 30 L. Ed. 2d 123 (1971); *Walz* v. *Tax Commission of City of New York,* 397 U.S. 664, 674, 90 S. Ct. 1409, 25 L. Ed. 2d 697 (1970).

It also follows from the court's conclusion that the plaintiff has failed to prove that the subject personal property was wrongfully assessed on the list of October 1, 1976, that the plaintiff is not entitled to its requested declaratory judgments with respect to any continued or prospective tax assessments beyond those made on the list of October 1, 1976, even if such declaratory judg-

ments could be found to be appropriate. It cannot be assumed that the same factual situation has existed or will exist at the time of any tax lists subsequent to that of October 1, 1976, to which year the evidence in these cases was limited. It also cannot be assumed that information supplied by the plaintiff or discovered by the assessors relative to use of the subject property has not or will not present different situations in tax years subsequent to October 1, 1976. The plaintiff clearly has had and has adequate remedies available to pursue should its property be wrongfully assessed in other tax years. See General Statutes §§ 12-111, 12-118 and 12-119; *Chamber of Commerce of Greater Waterbury, Inc.* v. *Murphy,* 179 Conn. 712, 721, 427 A.2d. 866 (1980); *Lerner Shops of Connecticut, Inc.* v. *Waterbury,* 151 Conn. 79, 92, 193 A.2d 472 (1963). It is to be noted that the plaintiff took no appeals pursuant to General Statutes §§ 12-111 or 12-119 except with reference to the assessments on the list of October 1, 1976.

Quite obviously, in light of the conclusion that the plaintiff has failed to prove that the subject personal property was wrongfully assessed, it follows that the plaintiff has failed to prove any violation of the plaintiff's civil rights as alleged in counts seven and eight in the first case and is clearly not entitled to attorney's fees pursuant to the provisions of 42 U.S.C. § "1983" as claimed, or under § 1988 to which the plaintiff probably intended to refer.

It may well be doubted whether causes of action alleged by the plaintiff do in fact give rise to a cause of action which, under the provisions of 42 U.S.C. § 1983, would entitle the prevailing party in the court's discretion to an award of counsel fees but it is unnecessary to decide that question. Since the plaintiff is not the prevailing party, it is not entitled to any such award

and, assuming that the federal act is applicable, in the exercise of discretion the respective claims of all counsel to an award of counsel fees are denied.

By way of summary: In the first case, in counts one through eight, judgment may enter for the defendants, with costs, but no award of counsel fees is made to any party on the complaint or on the counterclaims. In the second case, judgment may enter for the defendants on each of the counts, with costs.