FAITH CENTER, INC. *v.* CITY OF HARTFORD ET AL.
(11588)
(11589)

SPEZIALE, C. J., HEALEY, PARSKEY, GRILLO and MENT, Js.

Argued January 12—decision released March 13, 1984

*Gordon T. Allen,* for the appellant-appellee (plaintiff).

*Richard M. Cosgrove,* deputy corporation counsel, with whom, on the brief, was *Richard H. Goldstein,* corporation counsel, for the appellee (named defendant).

*Austin Carey, Jr.,* for the appellee-appellant (defendant town of Avon).

PER CURIAM. This is an appeal[1] by the plaintiff, a religious organization, from a judgment for the defendants city of Hartford and town of Avon. The plaintiff brought an action in several counts, pursuant to General Statutes § 12-119, claiming that its personal property located in the respective city and town was exempt from taxation and had been wrongfully assessed on the lists of October 1, 1976. It later amended its complaint by including an additional count against each defendant alleging a violation of civil rights and claiming relief pursuant to 42 U.S.C. § 1983. The trial court found that the plaintiff had failed to sustain its burden of proving that its property was wrongfully assessed or that it had been deprived of its civil rights under the federal statute.

In response to the plaintiff's claim for relief under § 1983 Avon filed a claim for an award of counsel fees

---

[1] The plaintiff filed two actions against the defendants, one seeking a declaratory judgment and the other seeking an order to remove the plaintiff's property from the tax lists. These actions were consolidated at trial.

pursuant to 42 U.S.C. § 1988. The trial court, in its discretion, denied the town's claim and the town has filed a cross appeal.

The trial court filed an extensive memorandum of decision, *Faith Center, Inc.* v. *Hartford,* 39 Conn. Sup. 142, 473 A.2d 342 (1982), in which it discussed both the factual and legal issues involved in the plaintiff's claims for relief. After examining the record on appeal and after considering the briefs of the parties and their arguments, we conclude that there is no error in the judgment from which the appeals were taken and that the memorandum of decision filed by the trial court adequately and properly disposes of the contentions of the parties before us. Except for the plaintiff's contention that the trial court erred in not considering one of its claims and the cross appeal, both of which we discuss below, that decision so completely articulates the issues involved in this appeal and so adequately explains the legal basis for its conclusions that it may appropriately be referred to for a detailed discussion of the facts and the applicable law. To incorporate that discussion herein would be redundant.

The plaintiff assigns error respecting the failure of the trial court to address its claim of law that under General Statutes § 12-89[2] religious institutions are not included among those required to file with the local assessor a statement claiming an exemption from the

[2] "[General Statutes] Sec. 12-89. ASSESSORS TO DETERMINE EXEMPTIONS. The board of assessors of each town, consolidated town and city or consolidated town and borough shall inspect the statements filed with it and required by sections 12-81 and 12-87 from scientific, educational, literary, historical, charitable, agricultural and cemetery organizations, shall determine what part, if any, of the property claimed to be exempt by the organization shall be in fact exempt and shall place a valuation upon all such property, if any, as is found to be taxable, provided any property acquired between assessment dates by any tax-exempt organization shall first become exempt on the tax list next succeeding the date of acquisition. Any organization filing a tax exempt statement, aggrieved at the action of the board of assessors, may appeal, within the time prescribed by law for such appeals,

property tax. Section 12-89 was inapplicable to the proceeding before the trial court and it therefore quite properly disregarded it. In actions brought pursuant to § 12-119[3] the question before the court is whether the town has levied an illegal tax. *E. Ingraham Co.* v. *Bristol,* 146 Conn. 403, 407, 151 A.2d 700, cert. denied, 361 U.S. 929, 80 S. Ct. 367, 4 L. Ed. 2d 352 (1959). Levying a tax on property exempt from taxation would be an illegal exaction. See *Crescent Beach Assn.* v. *East Lyme,* 170 Conn. 66, 363 A.2d 1045 (1976). The burden of proving that it is exempt from taxation rests on the taxpayer. *Modugno* v. *Tax Commissioner,* 174 Conn. 419, 422, 389 A.2d 745 (1978). In an action brought under § 12-119 that burden would have to be satisfied before the trial court. Whether or not the taxpayer was required to claim his exemption before the assessor would have no evidential significance in the § 12-119 proceeding.

On the cross appeal, Avon claims that since the plaintiff amended its complaint to include an alleged violation by Avon of 42 U.S.C. § 1983 (count eight) Avon, as the prevailing party, is entitled to attorney's fees under 42 U.S.C. § 1988. We do not agree.

to the board of tax review. Any such organization claiming to be aggrieved by the action of the board of tax review may, within two months from the time of such action, make application in the nature of an appeal therefrom to the superior court for the judicial district in which such town, city or borough is situated."

[3] "[General Statutes] Sec. 12-119. REMEDY WHEN PROPERTY WRONGFULLY ASSESSED. When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof or any lessee thereof whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year

Section 1988 provides in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Though the primary purpose of this provision is to provide plaintiffs with the incentive to sue to protect their civil rights; see *Newman* v. *Piggie Park Enterprises,* 390 U.S. 400, 88 S. Ct. 964, 19 L. Ed. 2d 1263 (1968); in certain circumstances, a prevailing defendant may recover attorney's fees. " '[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.' *[Christiansburg Garment Co.* v. *EEOC*], 434 U.S. [412], 422, 98 S. Ct. [694, 54 L. Ed. 2d 648 (1978)]." *Hughes* v. *Rowe,* 449 U.S. 5, 7, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980).

The trial court did not find nor does Avon claim that the plaintiff's § 1983 action was frivolous, unreasonable or groundless. Rather, Avon asserts that it should recover attorney's fees as the prevailing party because, had the plaintiff supplied the town assessor relevant information, litigation might have been avoided. With the benefit of hindsight it could frequently be said that the losing party might profitably have pursued another course of action but the fact that a plaintiff chooses to litigate a civil rights issue does not mean that it does so at its peril. An award of counsel fees in favor of the

from the date as of which the property was last evaluated for purposes of taxation and shall be served and returned in the same manner as is required in the case of a summons in a civil action, and the pendency of such application shall not suspend action upon the tax against the applicant. In all such actions, the superior court shall have power to grant such relief upon such terms and in such manner and form as to justice and equity appertains, and costs may be taxed at the discretion of the court. If such assessment is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court."

defendant would not have been justified in this case and the trial court quite properly denied Avon's application.

There is no error.