RUTH H. ANDERSON ET AL. *v.* TOWN OF
LITCHFIELD ET AL.
(2168)
(2169)
(2170)
(2171)
(2172)
(2173)
(2174)
(2175)
(2176)
(2177)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued February 8—decision released May 14, 1985

*Donald R. Holtman,* with whom, on the brief, was *Dean F. Radke,* for the appellant (named defendant).

*Joseph P. Fasi,* for the appellees (plaintiffs).

DUPONT, C.P.J. These cases concern ten appeals[1] from judgments of the trial court which reduced the sewer assessments of ten property owners.[2] Each plaintiff is a property owner in the town of Litchfield. The town assessed benefits arising from the construction of a sewer, pursuant to General Statutes § 7-249. After trial, the court, *Stoughton, J.,* determined that it was impossible either to confirm or alter the assessments without additional evidence, and ordered the cases back on the trial list in order that additional evidence might be offered by any party. A second trial court, *Sullivan, J.,* rendered judgments in each case, reducing the special benefit assessments in varying amounts.

---

[1] These appeals were originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[2] The cases were not combined on appeal, but were heard together since the issues on appeal are the same in each case. The cases vary only in the amounts of the special benefits found to be proper by the trial court. At oral argument, the town claimed that the reductions in the assessments granted by the trial court were without logic and unrelated to any evidence introduced. That claim was not the subject of any of the town's preliminary statements of issues nor is it made in the town's brief. We do not, therefore, consider the claim. *State* v. *Martin,* 2 Conn. App. 605, 612A, 482 A.2d 70 (1984); *Barrett* v. *Central Vermont Railway, Inc.,* 2 Conn. App. 530, 534–36, 480 A.2d 589 (1984).

The town, on appeal to this court, claims as error (1) that the first trial court ordered the cases back to the trial list, and (2) that the second trial court failed to hold the plaintiffs to a proper burden of proof, found that the special benefit of General Statutes § 7-249[3] is equal to the increment in the fair market value of the benefitted property[4] and failed to apply a presumption in favor of the town that each sewer assessment was at least equal to the special benefit to each property.

The claim that the first trial court should not have returned the cases to the trial list was not made to either trial court, and is raised for the first time on appeal. This court need not consider claims of law not raised at trial. Practice Book § 285A; *Northeast Electrical Contractors* v. *Udolf,* 1 Conn. App. 169, 171, 469 A.2d 419 (1984). Furthermore, the town did not move

[3] General Statutes § 7-249, in pertinent part, provides: "At any time after a municipality, by its water pollution control authority, has acquired or constructed, a sewerage system or portion thereof, the water pollution control authority may levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefitted thereby . . . according to such rule as the water pollution control authority adopts, subject to the right of appeal . . . . The sum of initial and subsequent assessments shall not exceed the special benefit accruing to the property. Such assessment may include a proportionate share of the cost of any part of the sewerage system . . . . In assessing benefits and apportioning the amount to be raised thereby among the properties benefitted, the water pollution control authority may give consideration to the area, frontage, grand list valuation and to present or permitted use or classification of benefitted properties and to any other relevant factors. . . . No assessment shall be made against any property in excess of the special benefit to accrue to such property. . . ."

[4] The defendant also claims that the second trial court erred in failing to consider the future benefit accruing to the property from the installation of a sewerage system. This court assumes without deciding that the defendant's analysis is correct. Nonetheless, the defendant, in its brief, refers to no evidence adduced at trial, which establishes the future benefit accruing to the property. Consequently, the trial court's failure to consider any future benefit accruing to the property, under the circumstances, would be harmless error. *Spiniello Construction Co.* v. *Manchester,* 189 Conn. 539, 456 A.2d 1199 (1983).

for judgment after the first trial court's order and, in fact, submitted additional evidence to the second trial court.

A stipulation of facts of the parties presented to the second trial court included the amounts of the gross total cost and the net cost of an entire sewer line, and a statement of the formula used by the town to apportion the net cost among the property owners benefitted. Thus, there is no dispute that the town intended by its assessments to recoup its entire net cost of the sewer construction by apportioning that cost among all of the property owners benefitted.[5]

An appraiser for the plaintiffs, using a market data approach, testified to the difference between the fair market value of the realty of each plaintiff, with sewers and without sewers. An appraiser for the town testified that the installation of sanitary sewers usually caused an increase in property value of between 5 percent and 10 percent. He further testified that the special benefit to each parcel was approximately equal to the assessment levied by the town. The trial court found the proper assessment in each case to be a figure between that of the plaintiff's expert and that of the town's assessment. The court rejected the proposition of the town that it could, pursuant to General Statutes § 7-249, by using a uniform formula for all properties which were the subject of the special benefit assessment, recoup its entire expenditure for sewer lines, even if that figure exceeded the dollar increase in market value, as found by the court, of each individual property, caused by the installation of a sanitary sewer.

---

[5] General Statutes § 7-249 specifically states that the assessment cannot exceed the special benefit accruing to the property. In contrast, General Statutes § 7-249a speaks of the cost of construction, in determining the levying of benefit assessments.

The burden of proving that a special benefit assessment is invalid because it exceeds the particular dollar benefit accruing to the land is on the property owner. As is true in all cases, the plaintiff must prove the allegations of his complaint. The standard of proof is that of a fair preponderance of the evidence. *Faith Center, Inc.* v. *Hartford,* 39 Conn. Sup. 142, 154, 473 A.2d 342 (1982), aff'd, 192 Conn. 434, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984).

A special benefit assessment by a town council is presumed to be valid and correct. *Katz* v. *West Hartford,* 191 Conn. 594, 602, 469 A.2d 410 (1983). The presumption is equivalent to prima facie proof that the special benefit assessment does not exceed the special benefit. The presumption, however, may be rebutted by the production of sufficient and persuasive contradictory evidence. Id., 603. Evidence of the fact that the special benefit assessment exceeds the special benefit must have actual persuasive effect, in that it convinces the trier that the nonvalidity of the presumption is as probable as its validity. Id., 603 n.3.

The presumption of a correct assessment is one of public policy. As such, the plaintiffs had the burden of producing substantial countervailing evidence as to its invalidity, with the burden of proving sufficient facts to put the presumed fact of correctness into issue. Tait, "The New Federal Rules of Evidence: A Summary of the Differences Between the Rules and the Connecticut Law of Evidence," 9 Conn. L. Rev. 1, 8–9 (1976). A presumption in favor of a party, that a particular fact is true, shifts the burden of persuasion to the proponent of the invalidity of that fact, and that burden is met when, by the particular quantum of proof, the validity of the fact has been rebutted. *Holland* v. *Holland,* 188 Conn. 354, 357–58, 449 A.2d 1010 (1982); see *Katz* v. *West Hartford,* supra, 603 n.3.

The *Katz* court relied on *Carlson-Lang Realty Co.* v. *Windom,* 307 Minn. 368, 240 N.W.2d 517 (1976). *Katz* v. *West Hartford,* supra, 602–603. The facts of the latter case are almost identical to the facts of the present case. Both cases involve the installation of sanitary sewers to service land with existing private septic or private sewer systems. The question in both cases is the determination of the proper amount of a special benefit assessment when the standard to be applied requires that the assessment may not exceed the special benefit. The *Carlson-Lang* court concluded that a special benefit assessment must be calculated by the difference between the market value of the realty before and after the improvement, even though such a measurement may mean that the cost of the improvement cannot be fully recouped by the town. *Carlson-Lang Realty Co.* v. *Windom,* supra, 369–73. If the assessment were to be greater in amount than the particular benefit conferred upon the particular property, the assessment would be unconstitutional as a taking without full compensation. Id., 370.

Whether an assessment exceeds the special benefit levied is a question of fact for the trial court and its finding as to that fact will not be disturbed unless it is clearly erroneous. *Gaynor-Stafford Industries, Inc.* v. *Water Pollution Control Authority,* 192 Conn. 638, 647, 474 A.2d 752, cert. denied, 469 U.S. 932, 105 S. Ct. 328, 83 L. Ed. 2d 265 (1984).

Although the presumption of a correct assessment prevailed initially in favor of the town, there was sufficient countervailing competent evidence before the trial court in this case for it to conclude that the plaintiffs had satisfied their burden of persuading it, by a fair preponderance of the evidence, that the special benefit assessment exceeded the special benefit to them.

That the trial court did not discuss the presumption or the standard of proof in its memorandum is not sufficient to find error.

There is no error.

In this opinion the other judges concurred.