[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the owners of an irregularly shaped 2.72 acre property on the east side of Main Street. See plot plan, defendant's exhibit 2.
From the one hundred foot frontage eastward and downward into the property, there are competing interests and uses of: a driveway to the building on the northwest corner of the property, a sanitary sewer right of way, and a brook feeding into Steele Brook along the property's eastern boundry. The rear 1.53 acres are in the flood plain area, that is beyond the State channel encroachment line.
On the property is a 9,000 square foot prefabricated steel building with three tenants: an auto repair shop, small manufacturing business and an auto body shop. The property is serviced by sanitary sewer connection and well water, usable for washing and toilet use, but not potable. The building has been used in such manner since 1979.
In October, 1988, the town, through its Water and Sewer Authority, completed a new water main along and in part of Main Street. On May 8, 1989, effective May 9th, the authority levied water assessments against abutting owners, and assessed the value of the benefits to plaintiffs' property as $26,830.00. The appeal followed.
"On appeal, the introduction of the assessment raises a presumption as to its regularity, validity and correctness. Until it is proven to the contrary, the city is presumed to have set the assessment legally, and thus introduction of the assessment roll into evidence constitutes prima facie proof that the assessment does not exceed special benefit. Carlson-Lang Realty Co. v. Windom, 307 Minn. 368, 370,240 N.W.2d 517 (1976); . . ." Katz v. West Hartford, 191 Conn. 594,602 (1983).
"The burden of proving that a special benefit assessment is invalid because it exceeds the particular dollar benefit accruing to the land is on the property owner, . . . The standard of proof is that of a fair preponderance of the evidence." Anderson v. Town of Litchfield, 4 Conn. App. 24,28 (1985).
"The presumption, however, may be rebutted by the production of sufficient and persuasive contradictory evidence (citation omitted). Evidence of the fact that the special benefit assessment exceeds the special benefit must-have actual persuasive effect, in that it convinces the trier that the nonvalidity of the presumption is as CT Page 2765 probable as its validity." Id 28.
"The presumption of a correct assessment is one of public policy. As such, the plaintiffs had the burden of producing substantial countervailing evidence as to its invalidity, with the burden of proving sufficient facts to put the presumed fact of correctness into issue." Id 28.
Besides hearing the parties and witnesses, and reviewing and studying the exhibits, memoranda and briefs, the court was taken on an inspection tour of the subject property as well as the "comparables".
The court has reviewed the claims of the parties and considered each's claims on fair market value, comparable sales and income capitalization, comparisons and claims of comparables with water and without water, and highest and best use.
The court is mindful of the potential conflict of application of rules on land's "highest and best use" and rules on benefits assessment must be direct, immediate, appreciable and certain, not contingent, remote and uncertain. See Appeal of Cohen, 117 Conn. 75, 84 (1933).
The court has trouble with adopting either proposition the highest and best use idea: of the defendant's expert who apparently treated the plaintiffs' lot as being unoccupied or unused (since he did not take into account demolition costs to upgrade the facility to a higher use than present use (light industrial/heavy business) versus an extension of the plaintiffs' argument that since the present users do not need (potable) water main water, nor have for 10 years, that there is no immediate discernible benefit to the land.
The court finds that both appraisers had used appropriate methodology in the search for fair market value with and without water service.
The court finds that the weightier evidence, the the better evidence is from the plaintiffs' evidence and expert, Walter Kloss. It appears to the court that the benefit actually accruing to the plaintiffs' property was not the assessment of $26,830.00, but was $5,000.00.
The court in furtherance of its findings and belief, under Conn. General Statute 51-197b, modifies the water main assessment on 1029 Main St., Watertown, belonging to Lillian P. Traub and Thomas T. Traub to be $5,000.00. CT Page 2766
To the extent the assessment is lowered from $26,830.00 to $5,000.00, the appeal is sustained.
THOMAS J. SULLIVAN, JUDGE