[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs herein nave appealed from the levy of a sewer assessment upon property owned by them and located in the Town of Oxford. The assessment is on a twelve lot subdivision wherein none of the improvements contemplated for the subdivision have been made.
The parties have stipulated that the assessment levied on Lot of the subdivision is proper. As to Lots 5, 6, 11 and 12 the assessment was improper. The assessments on the remaining lots namely Lots 2, 3, 4, 7, 8, 9 and 10 remain in issue and their validity remains for the court to determine.
Section 7-249 of the Connecticut General Statutes authorizes the assessment of benefits by the Water Pollution Control Authority of the Town of Oxford (W.P.C.A.):
 "At any time after a municipality by its Water Pollution Control Authority, has acquired or constructed a sewerage system, or portion thereof, the water pollution control authority may levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefitted [benefited] thereby whether they abut on such sewerage system or not, and upon the owners of such land or buildings, according to such rule as the water pollution control authority CT Page 11506 adopts, subject to the right of appeal as hereinafter provided. . . . . ."
Section 7-250 reads in part as follows:
 ". . . . . . Any person aggrieved by any assessment may appeal to the Superior Court for the Judicial District wherein the property is located. . . . . . The judgment of said court either confirming or altering such assessment shall be final."
Pursuant to the authority contained in Connecticut General Statutes § 7-249 supra the W.P.C.A. has adopted regulations relating to the levy of benefit assessments (Defendant's Exhibit 3).
Section 7 of these regulations reads as follows:
 "An assessment made under 7-249 of the Connecticut General Statutes shall consist of `a lot area charge' on each lot in the District, and a "unit area charge' on each unit in a building especially benefitted [benefited] thereby"
Section 8 reads that:
 "In case of property or buildings which W.P.C.A. believes to be especially benefitted [benefited], or where furnishing of sewers results in a disproportionate increase in the cost of the sewerage system, W.P.C.A. may levy an assessment without regard to the lot area and building area charges set forth above which is appropriate to the special benefit accruing to the property."
Referring to § 7-249 our Supreme Court has stated that: "As can readily be seen the statute expressly requires that the sewer commission levy assessments only upon the land and buildings especially benefitted [benefited] by the sewer system. While local assessments for public improvements are generally sustained under the power of taxation; Bridgeport v. Schwartz Bros. Co.,131 Conn. 50, 53, 37 A.2d 693 (1944), the benefits assessed must be special to the individual property owner as distinguished from the benefits CT Page 11507 accruing to the general public as the result of the improvement.Appeal of Cohen, 117 Conn. 78, 83, 166 A. 747 (1933). The test constantly invoked by the courts is that the assessment may not exceed the special benefit to the property" Windham HeightsAssociates v. Windham, 179 Conn. 229, 231-32; Bishop v. Meriden,114 Conn. 483, 487, 159 A. 289 (1932).
"Special assessments demand that special contribution in consideration of a special benefit, shall be made by the persons who receive it. The demand for the special contribution is justified by the fact that those who are to make it, while they are made to bear the cost of the public work are supposed to suffer no pecuniary loss thereby, because their property is increased in value to an amount at least equal to the sum they are required to pay." Vaill v. Sewer Commission, 168 Conn. 514, 517 — 518.
"The burden of proving that a special benefit assessment is invalid because it exceeds the particular dollar benefit accruing to the land is on the property owner. As is true in all cases the plaintiff must prove the allegations of his complaint. The standard of proof is that of a fair preponderance of the evidence. FaithCenter Inc. v. Hartford, 39 Conn. Sup. 142, 154, 473 A.2d 342
(1982), aff'd. 192 Conn. 434, 472 A.2d 16, cert. denied, 469 U.S. 1018,105 S.Ct. 482, 82 L.Ed.2d 359 (1984); Anderson v.Litchfield, 4 Conn. App. 24, 28, 492 A.2d 210 (1985).
In reviewing assessments of the type imposed under general statutes § 7-249 our Courts have held that a special benefit assessment imposed by a municipality is presumed to be valid and correct. Katz v. West Hartford, 191 Conn. 594, 602, 469 A.2d 410
(1983). That presumption may be rebutted however, by the production of sufficient and persuasive contradictory evidence. id. 603. "Evidence of the fact that the special benefit must have actual persuasive effect, in that, it convinces the trier that the nonvalidity of the presumption is as probable as its validity.'Anderson v. Litchfield, supra, 28.
The monetary value of the special benefit conferred upon a piece of property by the presence of a sewerage system must be calculated by the difference between the market value of the realty, with and without the sewerage system, even though such a measurement may mean that the cost of the sewerage system cannot be fully recouped by the town. Id. 29, Carlson-Lang Realty Co. v.Windom, 387 Minn. 368, 249 N.W.2d 517 (1976). Whether an assessment exceeds the special benefit to the property as measured CT Page 11508 in this fashion, is a question of fact for the trial court, and its finding as to that fact will not be disturbed unless it is clearly erroneous Anderson v Litchfield, supra."
The only evidence presented to the court was the testimony of the plaintiff Weisman and the various exhibits introduced by both the plaintiffs and the defendant. The plaintiff Peter Weisman testified to a mortgage which was given to the Town to entice it to construct the subject sewerage system. The proceeds of the underlying note were to be used by the Town of Oxford to be paid over to the W.P.C.A. of Naugatuck for the rental due it for the use of its sewage facilities (See Defendant's Exhibit 1). IN addition, the plaintiff Weisman testified further as to a utility easement that he and the other plaintiffs granted to contiguous property owners. (Defendant's Exhibit 2).
The plaintiffs contend that the W.P.C.A. of Oxford in adopting their regulations, (Defendant's Exhibit 3), also adopted a schedule of rates. The schedule of rates distinguished between improved and unimproved property and further distinguished between properties, based upon the distance the property was located from the sewer line. These rates differed from lots abutting on the street where there was a sewer line; to lots 500 feet away; to lots 1000 feet away. There is no rate listed for that area beyond 1000 feet. Both sides have admitted that all of the lots remaining in issue are beyond the 1000 feet line. (See plaintiff's Exhibit A). The rates listed are on a diminishing scale, $3,000.00 per acre for an unimproved lot abutting a street with a sewer line; $2400.00 per acre for a lot a portion of which is within 500 feet of a line and $1800.00 per acre for a lot a portion of which is within 1000 feet of a line. The lots from which the assessment has been appealed all of which are in excess of 1000 feet are uniformly assessed at $3000.00 per acre.
The plaintiff contends that the W.P.C.A. recognized the diminishing benefit to property based upon its distance from the sewer line and that if it wished to do so it could have easily expanded its schedule to include the property beyond the 1000 foot line.
The defendant relies upon § 7-249 of the Connecticut General Statutes and Article XII, Sections 7 and 8 of the W.P.C.A. Regulations. The defendant, in its brief, relies upon the following quotes from § 7-249 of the General Statutes and Article XII, Sections 7 and 8 of its Regulations: CT Page 11509
"The Water Pollution Control Authority may levy benefit assessments upon the land and buildings in the municipality which, in its judgment are especially benefitted [benefited] thereby, whether they abut on such sewerage system or not and upon the owner of such land and buildings, according to such rule as the Water Pollution Control Authority adopts. . . ."
"Article XII, Sections 7 and 8 of the WPCA Regulations allows for the levying of this special benefit `without regard to the lot area and building area changes set forth above, which is appropriate to the special benefit accruing to' the property." (See Defendant's brief, Pg. 3).
Neither party introduced any evidence as to the value of the properties either before or after the assessment.
"The presumption of a correct assessment is one of public policy. As such, the plaintiffs had the burden of producing substantial countervailing evidence as to its invalidity with the burden of proving sufficient facts to put the presumed fact of correctness into issue. (Citation omitted) A presumption in favor of a party, that a particular fact is true, shifts the burden of persuasion to the proponent of the invalidity of that fact, and that burden is met when, by the particular quantum of proof, the validity of the fact has been rebutted." Holland v. Holland,188 Conn. 357-58, 449 A.2d 1010 (1982); See Katz v. West Hartford,191 Conn. 594, 603 n 3.
While the plaintiffs' argument may be a cogent one, nevertheless, there has been no evidence of an expert nature showing any difference in the value of the land either before the assessment or after the assessment. The plaintiff has not overcome the presumption of validity.
Judgment may enter for the defendant.
THE COURT
CURRAN, J. CT Page 11510