[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NO. 102
On August 12, 1995, the plaintiff, Grace N' Vessels of Christ Ministries, Inc. (hereafter "Grace"), brought this action challenging the tax assessment of property it owns pursuant to the provisions of Sec. 12-119 of the General Statutes. Grace alleges that it is a Connecticut non-profit corporation "organized exclusively for charitable purposes." It purchased the property in question in April, 1994, and on March 18, 1995, the defendant, City of Danbury (hereafter "Danbury"), billed it for real property taxes for the 1992 and 1993 tax years. In challenging the assessment, it claims that it is entitled to an exemption pursuant to Sec. 12-81 (7) of the said General Statutes, the exclusion for general charitable purposes.
Danbury has moved to dismiss on the ground that the court lacked subject matter jurisdiction, and postulates that Grace had failed to exhaust its administrative remedies under Sec. 12-89. Danbury argues that the provisions of Sec. 12-89 require a taxpayer who is aggrieved by a decision of the tax assessor to appeal to the board of tax review, and from there to the Superior Court. The defendant argues that since Grace failed to take either of these administrative steps, it is precluded from challenging the assessment under Sec. 12-119.
Grace rejoins that it did not bypass the administrative procedure of Sec. 12-89; rather, it "purposely chose to proceed under Section 12-119, a distinct statutory provision available in certain . . . circumstances." It concluded that the right to proceed under Sec. 12-119 is "well-established" and that no administrative steps need be taken before pursuing a remedy under that section.
Section 12-89 does provide that the board of assessors of CT Page 14198 each town "shall inspect" the statements required to be filed by taxpayers claiming an exemption under certain subsection of Sec.12-81 and Sec. 12-87.[1] Section 12-89 also enumerates the administrative steps which must be followed for a taxpayer to appeal from an adverse decision of the board of assessors.
However, it is clear that Sec. 12-119 provides an independent remedy from that provided by Sec. 12-89. See Salter School v.City of New Britain, 7 CSCR 119 (May 4, 1992, Byrne, J.) (denying summary judgment for failure to exhaust administrative remedies because Sec. 12-119 "provides for [a] direct application to the Superior Court where a party will be afforded a remedy if he can prove that his property was wrongfully assessed. . . . [Thus], the defendants' claim that a dismissal should occur due to a failure to exhaust administrative remedies is without merit"). See also Faith Center, Inc. v. Hartford, 192 Conn. 434, 437
(recognizing that a taxpayer may proceed under Sec. 12-119 to determine whether a town has levied an illegal tax and that "[l]evying a tax on property exempt from taxation would be an illegal exaction"); Common Fund v. Fairfield, 228 Conn. 375
(entertaining a cause of action under Sec. 12-119 to challenge an allegedly illegal tax).
It appears that Danbury's motion to dismiss the complaint for failure to exhaust its administrative remedies cannot be granted and is, accordingly, denied.
Moraghan, J.