[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Barbara Hutchinson, ("Hutchinson") appeals the sewer assessment levied against her property at 41 Ash Drive, North Branford ("the Property") by the North Branford Water Pollution Control Authority ("W.P.C.A.") pursuant to § 7-250
of the Connecticut General Statutes (Rev. to 1/1/97), Hutchinson contests the assessment of the sewer benefit against her property in the amount of $12,300.
Connecticut General Statutes § 7-249 provides in pertinent part:
 "At any time after a municipality, by its water pollution control authority, has acquired or constructed, a sewerage system or portion thereof, the water pollution control authority may levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefited thereby . . . according to such rule as the water pollution control authority adopts, subject to the right of appeal. . . . The sum of initial and subsequent assessments shall not exceed the special benefit accruing to the property. Such assessment may include a proportionate share of the cost of any part of the sewerage system. . . . In assessing benefits and apportioning the amount to be raised thereby among the properties benefited, the water pollution control authority may give consideration to the area, frontage, grand list valuation and to present or permitted use or classification of benefited properties and to any other relevant factors. . . . No assessment shall be made against any property in excess of the special benefit to accrue to such property. . . ."
 "The burden of proving that a special benefit assessment is invalid because it exceeds the particular dollar benefit accruing to the land is on the property owner. As is true in all cases, the plaintiff must prove the allegations of his complaint. The standard of proof is that of a fair preponderance of the evidence. Faith Center, Inc. v. Hartford, 39 Conn. Sup. 142, 154, 473 A.2d 342 (1982), aff'd 192 Conn. 434, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S.Ct. 432, 88 L.Ed.2d 359
(1984)."
Anderson v. Litchfield, 4 Conn. App. 24, 28,492 A.2d 210 (1985).
 In reviewing assessments of the type imposed under General Statutes § 7-249, our courts have held that a special benefit assessment imposed by a municipality is presumed to be valid and correct. Katz v. West Hartford, 191 Conn. 594, 602, CT Page 6863 469 A.2d 410 (1983). That presumption may be rebutted, however, by the production of sufficient and persuasive contradictory evidence. Id., 603. "Evidence of the fact that the special benefit assessment exceeds the special benefit must have actual persuasive effect in that it convinces the trier that the nonvalidity of the presumption is as probable as its validity."
 The monetary value of the special benefit conferred upon a piece of property by the presence of a sewerage system must be calculated by the difference between the market value of the realty with and without the sewerage system, even though such a measurement may mean that the cost of the sewerage system cannot be fully recouped by the town. Id., 29; Carlson-Long Realty Co. v. Windom, 307 Minn. 368, 240 N.W.2d 517
(1976). Whether an assessment exceeds the special benefit to the property, as measured in this fashion, is a question of fact for the trial court, and its finding as to that fact will not be disturbed unless it is clearly erroneous. Anderson v. Litchfield, supra. See Bridge Street Associates v. Water Pollution Authority, 15 Conn. App. 140, 143.
The plaintiff in this case has established aggrievement to take this appeal because she owned the property at the time the assessment was made and also in that her experts have testified that the amount of $12,300 exceeds the special benefits accruing to her property as a result of the sanitary sewer system being installed.
Plaintiff's property is in the White Hollow area of North Branford. Houses in this area were built during the 1950's, 1960's and 1970's. The plaintiff's house was built in 1959. The plaintiff has owned her house since 1978 along with her husband who quit claimed his interest to the plaintiff in 1993. The house contains three bedrooms and a partially finished basement. The house when Hutchinson acquired it had one and one-half bathrooms and no changes have been made since their ownership.
The house is occupied by her and her husband and before his graduation college her son lived there periodically when college was in recess. The plaintiff asserts that no more than three people have occupied the home at any one time and her son after graduation did not return home. Hutchinson had been advised to be kind to your septic system by her mother-in-law and she has been cautious in her use. The Hutchinsons have not experienced any CT Page 6864 breakdowns of their septic system. They maintain a regular schedule to pump out the septic tank every 2-3 years starting in 1987. The plaintiff claims that the sewer system has not added to the value of her house. Hutchinson has not hooked up her house to the sanitary sewer system. The plaintiffs have had some hydraulic overloads in their system which have been corrected by having the tank pumped out. The septic system is functioning satisfactorily.
The White Hollow area and other areas that suffered from septic failures caused the Town to undertake a sewer feasibility study in 1971. The study concluded that the worse source of pollution was the White Hollow area. In 1980 the Department of Environmental Protection ( "DEP") issued an order for the defendant Town to conduct studies to eliminate sources of pollution of waters of the State occurring as a result of failing septic systems Between 1988 and 1989 a study entitled "White Hollow Road Sewer Alternatives Feasibility Study" was conducted on November 22, 1989 having found that a community pollution problem existed in the White Hollow neighborhood the DEP issued an order #4890 which required the defendant Town to evaluate the water waste disposal problems in White Hollow and recommend a solution. The defendant has briefed the final report that concluded that a sewer system be constructed as the most cost effective long-term solution to eliminate sources of pollution occurring as a result of the failure of on-site waste water disposal systems.
The burden of proof is on the property owner to show that the special assessment is invalid because it exceeds the particular dollar value benefit accruing to the property. In determining the benefit of a sewer system the court must determine how much has the particular improvement added to the property. The accepted approach is to value the property before the installation of a sewer system and the after value with a sewer system.
The plaintiff produced her expert appraiser, Arthur Estrada ("Estrada"), who testified that the value of the property before was $150,000 and the after value was $152,000. The plaintiff argues that she is still using a functioning system and that his evaluation is based upon a market sales analysis of the before and after value and not by an indirect backed into before analysis determined by a dollar for dollar hypothetical cost to repair a functioning septic system and a phantom stigma factor
(emphasis added). CT Page 6865
The court had previously decided in Manzi v. North BranfordWater Pollution Control Authority et al., CV96-0368259-S, Superior Court Judicial District of New Haven, December 18, 1996: "From all the history and notoriety concerning the problems of White Hollow area with water disposal systems, it is no doubt that the home sites in White Hollow area were stigmatized. It becomes apparent that even though some properties might not have been subject to frequent septic failures or breakouts, any buyer would be leery to purchase a home in the area that was serviced by a septic system as in this case 25 years old."
Estrada (Exhibit C) opines that some segment of the market could feel more secure with a sanitary sewer system as opposed to a septic system. In that calculation he opines that the cost to install a septic system is $7,000 and that to hook up to the sewer system in the street the cost is $450 for a cost difference of $6,500. His next calculation uses a figure of 25% as an appreciation value to the before property evaluation and concludes that the sum of $2,000 is the special benefit to the before evaluation of $150,000.
In Yvonne Gottlieb v. North Branford Water Pollution ControlAuthority et al., Docket No. CV94-0368236-S, Superior Court Judicial District of New Haven, Downey, J., the same appraiser Estrada did a match sale approach analysis to arrive at a before and after estimate. Estrada performed the same analysis in this case, rejecting the effect of stigma as decided in Manzi, supra, and concluded again that the special benefit derived was $2,000.
Judge Downey agreed with Manzi when he found in his decision that the Estrada , appraisal was flawed by failure to recognize the stigma effect depressing the fair market value of the properties in the area.
Hugh Manke, an attorney in Connecticut, testified that the was hired by a citizens group concerning the septic tank problems in the area. A newspaper article (Exhibit 20) summarized his presentation describing it as clouds over the heads of the property owners because of the stigma and their concerns of the stigma on their property values.
Robert Criscuolo, (Criscuolo") a civil engineer who has designed septic systems prepared a report for 41 Ash Drive, the property in this case. Criscuolo found that waste water was above the septic tank and within six inches of the ground when the made CT Page 6866 his inspection. His examination of the Sonitrol remarks in Exhibit 1 of "Hydraulic Overload" meant water over top of the tank and that the water level as high as it was would cause a back up into the house. Criscuolo performed his inspection October 26, 1996. Sonitrol pumped the system out November 25, 1996.
Criscuolo testified that the forty year old system was now occupied by only two individuals and any change in the water use would result in a septic failure within one year. Criscuolo further testified property was in an area of special concern and there were limitations requiring in all probability an engineered system at a cost of $9,234.00. The court accordingly infers that a larger family for a three bedroom house would result in depressing the value of the property. This court would not discount the costs of repair since the discount is predicated on the assumption of a buyer with only two occupants.
The appraisal put in evidence by the defendant considered the stigma effect but his increase in value is rejected.
In conclusion the plaintiff in this case has failed to persuade the court that the sewer assessment exceeds the special benefit to the property. The installation of sewers conferred a benefit to the property for greater than $2,000. The fact that the system is presently working for the two people in it does not reflect that a willing buyer in this case would probably have more occupants for a three bedroom home.
In Shoreline Care Ltd. Partnership v. North Branford,231 Conn. 344 the court held that a property owner need not be connected to the system in order to receive a benefit. The court went on to hold to overcome the presumption of validity of the benefit assessment, a property owner must introduce competent evidence that the assessment is greater than the increase in market value caused by the improvement.
The plaintiff has failed to overcome the presumption of the validity of the assessment.
Appeal dismissed.
Frank S. Meadow Judge Trial Referee CT Page 6867