WINDHAM HEIGHTS ASSOCIATES *v.* TOWN OF WINDHAM

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued October 10—decision released November 13, 1979

*John A. Spector,* for the appellant (defendant).
*Rolland Castleman,* for the appellees (plaintiffs).

BOGDANSKI, J. This appeal arises from an assessment of benefits levied against the plaintiffs by the sewer commission of the town of Windham. The trial court declared the assessment improper and ordered the commission to proceed in accordance with § 7-251 of the General Statutes to make a new assessment. From that judgment, the town has appealed.

There is no challenge to the court's finding. The plaintiffs are the owners of a parcel of land on route 6 in the town of Windham on which they built three hundred and fifty apartment units. After the completion of a sewer line along route 6 in 1968, the sewer commission authorized and commenced the construction of another line on route 14. The route 14 line was completed in 1972. Both sewer lines are within the limits of Windham and serve only the residents of that town. The cost of the route 6 sewer line to the town was $170,000; the cost of the route 14 line was $356,000.

In September of 1973, the sewer commission adopted a formula for assessing benefits based upon the aggregate net cost of the two sewer lines even though they were independently authorized, financed and constructed. The properties on route 6 do not benefit from the route 14 sewer line and the properties abutting route 14 do not benefit from the route 6 line.

On the basis of these facts the trial court found that the formula for the assessment of benefits imposed upon the plaintiff a portion of the cost of the route 14 line and was therefore improper and illegal.

The sole issue on this appeal is whether a municipal sewer commission may properly combine the costs of two separate sewer systems located in different sections of the town and assess the two groups of persons benefited by those sewers proportionately.

Section 7-249 of the General Statutes provides in relevant part as follows: "At any time after a municipality, by its . . . [sewer commission], has . . . constructed, a sewerage system . . . , the . . . [sewer commission] may levy benefit assessments upon the lands and buildings in the municipality which . . . are especially benefited thereby . . . . The sum of . . . [the] assessments shall not exceed the special benefit accruing to the property. . . . Revenue from the assessment of benefits shall be used solely for the acquisition or construction of the sewerage system providing such benefits . . . . No assessment shall be made against any property in excess of the special benefit to accrue to such property. . . ."

As can readily be seen, the statute expressly requires that the sewer commission levy assessments only upon the lands and buildings especially benefited by the sewer system. While local assessments for public improvements are generally sustained under the power of taxation; *Bridgeport* v. *Schwarz Bros. Co.,* 131 Conn. 50, 53, 37 A.2d 693 (1944); the benefits assessed must be special to the individual property owner as distinguished from the benefits accruing to the general public as

the result of the improvement. *Appeal of Cohen,* 117 Conn. 75, 83, 166 A. 747 (1933). The test constantly invoked by the courts is that the assessment may not exceed the special benefit to the property. *Bishop* v. *Meriden,* 114 Conn. 483, 487, 159 A. 289 (1932).

The record reveals that the route 14 sewer line did not enhance the value of the plaintiffs' property or otherwise benefit it. Further, it is undisputed that the assessment was based on recouping the cost of both the route 14 and route 6 sewer lines rather than on actual benefit to property. The assessment is clearly invalid as a matter of law.

There is no error.

In this opinion the other judges concurred.