REED J. CYR ET AL. *v.* TOWN OF COVENTRY ET AL.
(13929)

SHEA, CALLAHAN, GLASS, HULL and BORDEN, Js.

Argued September 28—decision released November 13, 1990

*Walter A. Twachtman, Jr.,* for the appellants (plaintiffs).

*Abbot B. Schwebel,* town attorney, for the appellees (defendants).

HULL, J. This appeal involves an assessment of benefits levied by the Coventry water pollution control authority (WPCA) against various residents owning property in the town, in order to comply with a court order to construct sewer facilities. The plaintiffs, the residents of Coventry against whom assessments were levied, brought a declaratory judgment action against the defendants, the town of Coventry and the WPCA, seeking a declaration (1) that the operation of General Statutes § 22a-458[1] in this case was in violation of the home rule provision, article tenth, § 1,[2] and the due pro-

[1] General Statutes § 22a-458 provides: "Notwithstanding any provision of the general statutes, any special act or municipal charter provision to the contrary, including but not limited to any referendum provision, the legislative body of any municipality ordered by the commissioner of environmental protection, under the provisions of chapter 474 and this chapter, to abate or control water pollution shall establish a water pollution control authority and authorize the necessary funds to undertake and complete any action necessary to comply with such order."

[2] The constitution of Connecticut, article tenth, § 1, provides: "The general assembly shall by general law delegate such legislative authority as from time to time it deems appropriate to towns, cities and boroughs relative to the powers, organization, and form of government of such political subdivisions. The general assembly shall from time to time by general law determine the maximum terms of office of the various town, city and borough elective offices. After July 1, 1969, the general assembly shall enact no special legislation relative to the powers, organization, terms of elective offices or form of government of any single town, city or borough, except as to (a) borrowing power, (b) validating acts, and (c) formation, consolidation or dissolution of any town, city or borough, unless in the dele-

cess clause, article first, § 8,[3] of the Connecticut constitution, and (2) that the WPCA imposed an invalid assessment of benefits pursuant to General Statutes § 7-249.[4] The trial court concluded that § 22a-458 is constitutional and that the assessments were valid. The plaintiffs appealed to the Appellate Court; we subsequently transferred the appeal to ourselves pursuant to Practice Book § 4023. We affirm the judgment of the trial court.

The following facts are either stipulated or undisputed. Prior to 1983, the commissioner of the department of environmental protection (DEP) issued an order directing the town to undertake, design, construct and complete a sewer project within the town. The underlying purpose of the order was to abate pollution in Lake Wangumbaug, commonly known as Coventry Lake. Subsequently, the WPCA held public hearings pursuant to General Statutes § 7-247a[5]

gation of legislative authority by general law the general assembly shall have failed to prescribe the powers necessary to effect the purpose of such special legislation."

[3] The constitution of Connecticut, article first, § 8, provides in pertinent part: "No person shall . . . be deprived of life, liberty or property without due process of law . . . ."

[4] General Statutes § 7-249 provides in pertinent part: "At any time after a municipality, by its water pollution control authority, has acquired or constructed, a sewerage system or portion thereof, the water pollution control authority may levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefited thereby, whether they abut on such sewerage system or not, and upon the owners of such land and buildings, according to such rules as the water pollution control authority adopts, subject to the right of appeal as hereinafter provided."

[5] General Statutes (Rev. to 1983) § 7-247a provides: "No municipal water pollution control authority shall acquire or construct all or any part of a sewerage system until after a public hearing at which the affected property owners of the municipality shall have an opportunity to be heard concerning the proposed acquisition or construction. Notice of the time, place and purpose of such hearing shall be published at least ten days before the date thereof in a newspaper having a circulation in the municipality."

regarding the proposed construction. In addition, on three separate occasions the town submitted a sewer funding resolution to a town referendum in accordance with § 9-3 (e) of the Coventry town charter.[6] Each resolution was defeated.

Thereafter, the commissioner of the DEP, pursuant to General Statutes §§ 22a-435[7] and 22a-458, instituted an action against the defendants to enforce the sewer construction order. On September 30, 1983, the trial court, *Barall, J.*, ordered the defendants to authorize the necessary funds to undertake and complete the sewer project.

Following the court order, the town authorized a bond issue in order to undertake design and construction of the sewer project without submitting a resolution to a town referendum. After construction of the sewer was completed and a public hearing was held in accordance with General Statutes § 7-250,[8] the WPCA

---

[6] Section 9-3 (e) of the Coventry town charter provides in pertinent part: "After the same has been approved by the [town] council, any appropriation of one hundred thousand dollars ($100,000) or more, with the exception of the annual budget, and any resolution authorizing the issuance of bonds or notes of one hundred thousand dollars ($100,000) or more shall be placed on the call of a town meeting . . . and such appropriation or resolution shall become effective only after it has been submitted to the persons qualified to vote in such meeting for a 'yes' or 'no' . . . . [A]ny such appropriation or resolution . . . shall, if approved by a majority of those voting thereon, be deemed to be a vote of the town meeting."

[7] General Statutes § 22a-435 provides: "If any person or municipality fails to comply with any order to abate pollution, or any part thereof, issued pursuant to the provisions of section 22a-428, 22a-431 or 22a-433, and no request for a hearing on such order or appeal therefrom is pending and the time for making such request or taking such appeal has expired, the commissioner may request the attorney general to bring an action in the superior court for the judicial district of Hartford-New Britain to enjoin such person or municipality from maintaining such pollution and to comply fully with such order or any part thereof. All actions brought by the attorney general pursuant to the provisions of this section shall have precedence in the order of trial as provided in section 52-191."

[8] General Statutes § 7-250 provides in pertinent part: "No assessment shall be made until after a public hearing before the water pollution con-

levied an assessment of benefits against the plaintiffs pursuant to General Statutes § 7-249. The plaintiffs brought a declaratory judgment action in the Superior Court. The trial court, *Klaczak, J.,* denied the declaratory relief requested. It is from this judgment that the plaintiffs appeal.

The plaintiffs claim that since § 22a-458 empowered the trial court to direct the defendants to authorize the necessary funds for the sewer project, it required the defendants to disregard § 9-3 (e) of the Coventry town charter, and thereby violated the home rule provision, article tenth, § 1, of the Connecticut constitution. The defendants claim that § 22a-458 supersedes § 9-3 (e) of the town charter. We agree with the defendants.

"[I]t has been held that a general law, in order to prevail over a conflicting charter provision of a city having a home rule charter, must pertain to those things of general concern to the people of the state . . . ." *Caulfield* v. *Noble,* 178 Conn. 81, 87, 420 A.2d 1160 (1979). The proposition that water pollution is of statewide concern is indisputable, for "[i]t [has been] found and declared that the pollution of the waters of the state is inimical to the public health, safety and welfare of the inhabitants of the state, is a public nuisance and is harmful to wildlife, fish and aquatic life and impairs domestic, agricultural, industrial, recreational and other legitimate beneficial uses of the water . . . ." General Statutes § 22a-422. Thus, in this instance, § 22a-458 prevails over § 9-3 (e) of the Coventry town charter and does not violate the home rule provision of article tenth, § 1, of the Connecticut constitution.

trol authority at which the owner of the property to be assessed shall have an opportunity to be heard concerning the proposed assessment. . . . Any person aggrieved by any assessment may appeal to the superior court for the judicial district wherein the property is located . . . ."

The plaintiffs assert that the court order constituted a taking of their property without an opportunity to be heard in violation of the due process clause, article first, § 8, of the Connecticut constitution. The plaintiffs conceded at oral argument in this court that prior to making the assessments a public hearing was held pursuant to § 7-250 at which they were afforded an opportunity to be heard.[9] They claim, however, that the hearing was not meaningful, because the court order undermined the WPCA's exercise of discretion in its decision whether to levy an assessment of benefits. We do not agree.

Although the court ordered the defendants to authorize the necessary funds for the sewer project, it did not require that the defendants do so by levying an assessment of benefits. Because numerous means of funding the sewer project were available to the defendants; see, e.g., General Statutes § 7-255 (a) (connection and use charges), § 7-264 (borrow upon credit of municipality), and § 7-273a (service charges); an assessment of benefits was not required in order to comply with the order. Thus, the WPCA's authority to exercise discretion under § 7-249 was not eviscerated by the court order, and the hearing pursuant to § 7-250 was meaningful within the concept of due process of law.

The plaintiffs also claim that the public hearings held pursuant to § 7-247a regarding whether to undertake sewer construction were meaningless and therefore deprived them of their rights to due process of law. This claim is without merit.

At oral argument, the plaintiffs conceded that following the DEP order, but prior to the court order, pub-

---

[9] It is not clear from the record whether one or several hearings were held pursuant to General Statutes § 7-250. In view of the plaintiffs' concession that at least one such hearing occurred, however, this discrepancy is irrelevant to disposition of the issues presented.

lic hearings were held according to § 7-247a. Further, the plaintiffs do not claim that additional hearings pursuant to § 7-247a were required following the court order. Thus, the plaintiffs do not challenge the occurrence or timing of the hearings. Also, to whatever extent the defendants' decision to undertake construction of the sewer may have indirectly affected the plaintiffs' property rights, as previously stated, due process of law was satisfied as to each individual owner by virtue of the assessment hearing held pursuant to § 7-250.

The plaintiffs' final claim is that the assessment of benefits levied pursuant to § 7-249 was invalid, because individual property owners were assessed for an improvement from which the general public derives a benefit. As support for this assertion, the plaintiffs rely upon the statement in *Windham Heights Associates* v. *Windham*, 179 Conn. 229, 231–32, 425 A.2d 1267 (1979), that in order for local assessments for public improvements to be sustained "the benefits assessed must be special to the individual property owner as distinguished from the benefits accruing to the general public as the result of the improvement." Their reliance is misplaced. The requirement that the benefits assessed be "special to the individual property owner" does not require that the property owner be the sole beneficiary of the public improvement. Rather, the improvement must confer a benefit upon the property owner that is distinct from the benefit which accrues to the general public, namely, it must increase the market value of the individual's property. See *Tower Business Park Associates No. 1 Ltd. Partnership* v. *Water Pollution Control Authority*, 213 Conn. 112, 117, 566 A.2d 696 (1989); *Katz* v. *West Hartford*, 191 Conn. 594, 603, 469 A.2d 410 (1983).

"[T]here is a presumption as to the 'regularity, validity and correctness' of a special benefit assessment that imposes on one challenging the assessment the burden

of proof. *Katz* v. *West Hartford,* [supra, 602]; see *Anderson* v. *Litchfield,* 4 Conn. App. 24, 28, 492 A.2d 210 (1985). 'An appellant may overcome this presumption by introducing competent evidence that the assessment is greater than the increase in the market value of the property due to the improvement.' *Katz* v. *West Hartford,* supra, 602–603." *Tower Business Park Associates No. 1 Ltd. Partnership* v. *Water Pollution Control Authority,* supra. The plaintiffs do not claim that the assessments levied exceed the benefits to their property. Therefore, their claim that the assessments were invalid is without merit.

We conclude that General Statutes § 22a-458 is constitutional and that the benefit assessments levied against the plaintiffs were valid.

The judgment is affirmed.

In this opinion the other justices concurred.

