[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Pepper Partners Limited Partnership, brings three appeals from actions of the Water Pollution Control Authority of the Town of Newtown, levying benefit assessments on three parcels in Newtown.
Appeals were taken from special benefit assessments levied on property at 18 Church Hill Road (CV98-0331241 S); 14 Church Hill Road (CV98-0331247 S); and 47 Church Hill Road (CV98-0331243 S).
All three appeals were consolidated for trial.
The direct benefit assessments appealed from are as follows:
18 Church Hill Road $35,460
14 Church Hill Road $33,840
47 Church Hill Road $38,790
In each case, the plaintiff claims that the net benefit assessment levied on the property is excessive, and exceeds the actual special benefit accruing to the property by virtue of the presence of sewers.
 STANDARD OF REVIEW
CT Page 13591
In each appeal brought pursuant to § 7-250 of the Connecticut General Statutes, there is a presumption of validity which attaches to a special benefit assessment levied by a municipal agency. Katz v. West Hartford, 191 Conn. 594, 602
(1983); Johnson v. Sewer Authority of the Town of Branford,21 Conn. App. 814, 815 (1990). One challenging the direct benefit assessment assumes the burden of proof by fair preponderance of the evidence. Cyr v. Coventry, 216 Conn. 436, 442-43 (1990);Tower Bus. Park No. I Partnership Water Pollution ControlAuthority, 213 Conn. 112, 117 (1989); Anderson v. Litchfield,4 Conn. App. 24, 28 (1985).
Only by introducing competent evidence that the assessment is greater than the increase in the value of the property benefitted [benefited], may an appellant overcome the presumption, and demonstrate that it is aggrieved by the assessment. Cyr v.Coventry, supra, 443.
The benefit to a property owner is measured solely according to the amount by which the improvement causes the property to increase in market value. Katz v. West Hartford, supra, 602-03. The monetary value of the special benefit conferred upon a particular piece of property is calculated by the difference between the real estate with the sewage system and its value without the sewage system. Shoreline Care Ltd. Partnership v.North Branford, 231 Conn. 344, 351 (1994).
The current actual use or the volume of sewage generated are not determinative factors, since they are often unrelated to market value, and therefore fail to reflect the increase in market value resulting from the installation of sewers. TowerBus. Park No. I Partnership v. Water Pollution Control Authority,
supra, 119.
The benefit conferred is that conferred upon a particular piece of property, not that which accrues to the general public.Cyr v. Coventry, supra, 442; Windham Heights Associates v. Townof Windham, 179 Conn. 229, 231 (1979).
Whether an assessment exceeds the special benefit levied, is a question of fact for the trial court. Gaynor-StaffordIndustries, Inc. v. Water Pollution Control Authority,192 Conn. 638, 647 (1984).
 METHODOLOGIES USED BY PARTIES
CT Page 13592
In arriving at a special benefit assessment in 1998, the defendant, Water Pollution Control Authority, utilized a fair market value for the affected properties which was established by the Town of Newtown during its 1995 revaluation of property.
The authority simply multiplied that figure by a 13 percent factor, as the first step.
It then multiplied that figure by 90 percent to arrive at the net assessments from which the appeals have been taken.
The plaintiff presented testimony from Thomas Merola, and a written appraisal (Exhibit 1), while the defendant offered the opinions of appraiser, Christopher Kerin, along with his written appraisals (Exhibits A, B and C).
Neither appraiser utilized the 1995 revaluation figures, but instead used a comparable sales analysis to determine the fair market value of each of the parcels in February of 1998.
Both appraisers rejected the income capitalization approach and the cost approach, in all cases, opting instead for the fair market value analysis.
Since two of the parcels consist of raw land, the alternative approaches held little utility.
The plaintiff's appraiser, Thomas Merola, determined that an acre of land in a B-1 zone had a value of $100,000, prior to the installation of sewers.
His analysis was not site specific.
Using the 10 percent factor, he determined that an acre in a B-1 zone has a fair market value of $110,000 per acre, after the installation of sewers.
Kerin, using the comparable sales analysis, determined the fair market value of each of the subject properties, before multiplying by a factor of 15 percent, in order to determine the benefit assessment.
Having examined the methodology utilized by both of the expert witnesses produced at trial, the court finds that the CT Page 13593 comparable sales analysis is more reliable than mechanical allegiance to the 1995 revaluation figures.
The plaintiff has therefore met his burden concerning the appraisal figures used by the defendant, Water Pollution Control Authority, by demonstrating the merits of utilizing the fair market value approach.
Furthermore, the method used by both the plaintiff's and the defendant's appraiser has the advantage of taking account of market conditions subsequent to the 1995 revaluation.
However, neither appraiser introduced sufficient evidence to overcome the validity of using the 13 percent factor employed by the defendants.
That figure, in fact, represents a comprise between the 10 percent factor advocated by Thomas Merola, and the 15 percent factor advanced by Christopher Kerin.
Based upon an examination of the evidence and the exhibits, it is found that the fair market value of each of the properties, as determined by Kerin, most accurately reflects the value of the benefitted [benefited] properties in February of 1998.
The court has applied the 13 percent factor to each of those figures when determining the benefit assessment as to each of the properties in question.
 18 AND 14 CHURCH HILL ROAD
Christopher Kerin determined the fair market value of both 18 Church Hill Road and 14 Church Hill Road to be $250,000 prior to the installation of the sewers.
Applying the 13 percent factor to the formula employed by the Water Pollution Control Authority to determine the fair market value following the installation of sewers, the following findings are made:
1. IT IS FOUND that the net direct benefit assessment of 18 Church Hill Road is $29,250, rather than the $35,460 assessed by the Water Pollution Control Authority.
Therefore, the benefit levied is found to be excessive, and CT Page 13594 the plaintiff is aggrieved.
2. IT IS FOUND that the net direct benefit assessment of 14 Church Hill Road is $29,250, rather than the $33,840 assessed by the Water Pollution Control Authority.
Therefore, the assessment levied on the parcel was excessive, and the plaintiff is aggrieved by the assessment.
 47 CHURCH HILL ROAD
The fair market value of 47 Church Hill Road, a 1.75 acre parcel located approximately one-half mile from the other two parcels considered, was found to be $340,000 prior to sewers.
The site is currently utilized as a gas station, and has been for many years.
Applying the 13 percent factor, along with the formula employed by the Water Pollution Control Authority, it is found that the direct benefit assessed by the defendant is not excessive, and the plaintiff has failed to overcome the presumption of validity as to this parcel.
Therefore, the plaintiff is not aggrieved by the Water Pollution Control Authority's special benefit assessment.
 CONCLUSION
The plaintiff's appeals regarding 18 Church Hill Road and 14 Church Hill Road are sustained.
The direct benefit assessment of both properties is found to be $29,250.
The appeal from the assessment established for 47 Church Hill Road is dismissed.
Radcliffe, J.