[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, James P. Kearney and Donna L. Kearney, have brought this action pursuant to General Statutes § 7-250, appealing the assessment of sewer benefits by the defendant, Public Utilities Commission of the City of Meriden, acting as the Water Pollution Control Authority (WPCA). The court heard testimony on October 10, 2001. In addition, the court had the benefit of the parties' post-trial briefs.
 I. FACTS
The Kearneys have owned their residence at 24 Ann Place, Meriden, Connecticut (the Kearney property) since August, 1986. Like the other three residences on this short, dead-end street, 24 Ann Place is a modest single family dwelling with two bedrooms and one bathroom. It was built in 1970. Serious septic system problems existed at the Kearney property as of August, 1986. The problems stemmed from poor soils, a high water table, and an undersized lot. Other houses on Ann Place, notably the abutting residence at 18 Ann Place, shared the problem. The house and lot at 18 Ann Place are only seventy feet away from the Kearney lot and residence.
By 1992, the failed septic system at the Kearney residence necessitated a replacement. The resulting septic system has an undersized leaching area (only 414 square feet rather than the 675 square foot requirement of the Public Health Code.) The Kearneys also made necessary repairs to their sump pump in 1998 or 1999.
Since 1992, the Kearneys have been careful in their water usage. As the only occupants of the Kearney property, they nurse along the undersized septic system by limiting their water use and by regular application of chemicals. They have experienced no problems with the replacement septic system since 1992. Should the existing septic system show signs of failure, there is no possibility that the septic system could be expanded or relocated on the site. The site is too small and the soils are too poor.
Serious septic system problems continued to plague the Ann Place neighborhood. In particular, the breakout and noxious odors at 18 Ann Place required a condemnation of that property unless a sewer was brought in. In 1998, the WPCA caused a sewer line to be installed on Ann Place. The Kearneys have not hooked into the sewer line. They were assessed $4,843.88 front footage and $5,618.60 for lot improvements for a total of $10,461.68. The assessment for the residence next door at 18 Ann Place was $16,788.64. The total of the assessments for these and the remaining properties on the street was equal to the cost to the City of Meriden for installation of the sewer line at Ann Place.
At trial, the testimony of both sides' experts was significantly CT Page 1343 flawed. The Kearneys introduced testimony from John Albano, an experienced real estate broker and appraiser. He had prepared a three-sentence opinion letter in April, 1998, which did not actually contain a putative dollar value for the Kearney Property. Albano testified by way of aphorism that, in general, there is no difference in market value between houses with septic systems and those with municipal sewer connections. He then leapt to the conclusion that this generality must apply to the Kearney property. He opined that being connected to a city sewer line would not put a higher value on the Kearney property. If Albano undertook any actual appraisal of the Kearney property, using an accepted methodology such as a comparable sales approach, that process was not revealed in the evidence presented. Although Albano acknowledged under questioning that an undersized septic system on an undersized lot could possibly affect the market value of a residence, he would not agree that the value of the Kearney property could be affected by outbreaks of raw effluent from a failed septic system at the adjacent house, 18 Ann Place. Albano's testimony and opinion were the only evidence presented by the Kearneys intended to address the issue of the market value of the Kearney property.
The testimony of the WPCA expert appraiser, John W. Nitz, was similarly lacking in probity. His appraisal assumed, incorrectly, that habitation of the Kearney property was not permitted until it was connected to the public sewer. Therefore, he took comparable sales only of sewered residences and then subtracted the WPCA-imposed sewer assessment to come up with the reduced market value for the unsewered Kearney property. Nitz acknowledged that his appraisal would not be the same if the underlying assumption of uninhabitability was wrong.
 II. DISCUSSION
A water pollution control authority may impose sewer benefit assessments upon the owners of real property when the owners are especially benefited by the sewer construction. General Statutes §7-249.[1] "The right to appeal from the decision of an administrative agency exists only under statutory authority." Silverman v. New Haven,19 Conn. App. 360, 367, 562 A.2d 562, cert. denied, 212 Conn. 812,565 A.2d 537 (1989). Persons aggrieved by a sewer assessment may appeal to the superior court pursuant to General Statutes § 7-250.[2] The latter statute supplies the exclusive method in Connecticut for challenging a sewer assessment. Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 690, 490 A.2d 509 (1985).
A special benefit assessment imposed by a municipality must be special to the property owners, as distinguished from benefits to the general public. Windham Heights Associates v. Windham, 179 Conn. 229, 231-32, CT Page 1344425 A.2d 1267 (1979). Despite the emphasis by the Kearneys' expert on whether the Kearney property was connected to the sewer system, a determination of special benefit is not dependent upon actual connection to the sewer. "[A] property need not be connected to the system in order for it to receive a benefit. If the property has increased in market value merely by virtue of its access to town sewers, it has received a benefit for which an assessment may be levied." Shoreline Care Ltd.Partnership v. North Branford, 231 Conn. 344, 351-52, 650 A.2d 142
(1994).
In this case, the WPCA made the determination that the Kearney property did benefit specially from immediate sewer access along its frontage. As permitted by General Statutes § 7-249, the WPCA explicitly used frontage and value of improvement to the lot as criteria for valuing the special benefit to the Kearney property. Whether an assessment exceeds the special benefit is a question of fact for the trial court. Gaynor-StaffordIndustries, Inc. v. Water Pollution Control Authority, 192 Conn. 638,647, 272 A.2d 752 (1984). The special benefit referenced in General Statutes § 7-249 is to be calculated by the difference between the market value of the subject property with and without the presence of the sewer. Tower Business Park Associates No. 1 Ltd. Partnership v. WaterPollution Control Authority, 213 Conn. 112, 118, 566 A.2d 696 (1989).
"On appeal, the introduction of the assessment raises a presumption as to its regularity, validity and correctness." Katz v. West Hartford,191 Conn. 594, 602, 469 A.2d 410 (1983). The burden of proof to rebut that presumption by a fair preponderance of the evidence falls upon the property owners challenging the assessment. Tower Business Park AssociatesNo. 1 Ltd. Partnership v. Water Pollution Control Authority, supra,213 Conn. 117. The appellants must introduce "competent evidence that the assessment is greater than the increase in the market value of the property due to the improvement." Katz v. West Hartford, supra,191 Conn. 603. The Kearneys have failed to present such evidence.
 III. CONCLUSION
To derive a special benefit from the installation of a sewer line, property owners need not be connected to the sewer. Actual connection to the sewer line is not the criterion by which the value of the special benefit is to be measured. The 1970 septic system at the Kearney property had significant problems by 1986. The current undersized septic system was already several years into its useful life by the time this special benefit assessment for the sewer line was imposed. When the septic system develops a fatal problem, the sewer will be the only remedy. Fortunately, it will be readily at hand. The plaintiffs have failed to sustain their burden of proving the invalidity of the sewer benefit CT Page 1345 assessment.
Judgment shall enter in favor of the defendant.
Winslow, J.