WHITE OAK CORPORATION *v.* DEPARTMENT OF REVENUE SERVICES

| SUPERIOR COURT | JUDICIAL DISTRICT OF | FILE NO. 244299 |
| --- | --- | --- |
| | HARTFORD-NEW BRITAIN AT HARTFORD | |

Memorandum filed June 15, 1982

*Rogin, Nassau, Caplan, Lassman & Hirtle,* for the plaintiff.

*Robert Klein* and *Ralph G. Murphy,* assistant attorneys general, for the defendant.

HOWARD W. ALCORN, STATE REFEREE. This is an appeal by the plaintiff pursuant to General Statutes § 12-422 from an assessment of a use tax deficiency by the state's commissioner of revenue services.

The parties have submitted an agreed statement of facts which is made a part of the record. Briefly summarized, it appears that the plaintiff, a general contractor, had, from March 1, 1976, through February 28, 1979, made contracts with the state through its department of transportation for highway and bridge construction. Each contract required the plaintiff to provide watchmen, police of the city of Stamford and state police as traffic officers, and flashing lights for installation on signs and barricades furnished by the state. The duties, attire, equipment, working hours, and compensation of watchmen and traffic officers were specifically detailed in the contracts. The locations at which and the periods of time for which each watchman or traffic officer must serve, and his duties, were subject to the order and direction of the state engineer limited only by specified conditions applying to the state police officers to recognize state police department authority. The lights, the power and type of which were specifically described, were required to be placed and maintained on the state's own signs and barricades or elsewhere as directed and ordered by the state engineer. At the end of each job the plaintiff was ordered to dispose of the lights.

From March 1, 1976, through February 28, 1979, the plaintiff purchased the services of watchmen and traffic officers from private agencies and from the police department including the state police for $280,020.13 and issued "Resale Certificates" for the purchases. The department of transportation paid the plaintiff for the purchases at the agreed contract price amounting to $272,468.58. During the same period the plaintiff rented flashing lights for $27,383.17 and issued "Resale

Certificates" to the provider. The lights were rented to meet the contract requirements and the department of transportation paid the plaintiff $21,355.50 for the lights at the agreed contract prices.

Prior to December 28, 1979, the department of revenue services conducted a sales and use tax audit of the plaintiff's business for the period from March 1, 1976, through February 28, 1979, and assessed a sales and use tax deficiency of $11,818.19 on the basis of the plaintiff's purchase of the services of watchmen and traffic officers and $1,916.82 based on the plaintiff's rental of flashing lights.

The plaintiff promptly petitioned for an oral hearing pursuant to General Statutes § 12-418 (2) and, following the reconsideration of the plaintiff's petition, the department of revenue services confirmed its assessment on March 11, 1980. The reasons given were that the services of watchmen and traffic officers were services rendered in performance of the contract and neither they nor the rental of lights constituted a resale to a government agency. This appeal is from that decision.

The plaintiff claims that the services of watchmen and traffic officers were purchased and the lights were rented with the intent to resell them to the state which is a tax exempt entity.

The defendant claims that the services of the watchmen and traffic officers and the rental of lights were not resold to the state, a tax exempt entity, but all were merely used by the plaintiff in performing its contracts and it is not in the business of reselling any of the items.

General Statutes §§ 12-408 (1) and 12-411 (1) impose a sales or use tax of 7½ percent of the sales price on the "storage, acceptance, consumption or any other use in this state of tangible personal property purchased

from any retailer for storage, acceptance, consumption or any other use in this state" and a tax of 3½ percent "with respect to the rendering of any service described in subdivision (i) of subsection (2) of section 12-407." Section 12-407 (2) so far as pertinent provides that a "sale and selling" includes "(i) the rendering of certain services for a consideration" among which are "(C) agencies providing personnel services" and "(E) patrol work, watchman . . . services" and "(j) the leasing or rental of tangible personal property of any kind whatsoever."

General Statutes § 12-411 (2) imposes the tax on the person "storing, accepting, consuming or otherwise using in this state services or tangible personal property" purchased.

General Statutes § 12-411 (9) provides that "it shall be presumed that services or tangible personal property sold by any person for delivery in this state is sold for storage, acceptance, consumption or other use in this state until the contrary is established. The burden of proving the contrary is upon the person who makes the sale unless he takes from the purchaser a certificate to the effect that the property is purchased for resale."

General Statutes § 12-411 (10) relieves the seller of the burden of proof if he takes "in good faith from a person who is engaged in the business of selling services or tangible personal property and who holds the permit provided for by section 12-409 and who, at the time of purchasing the services or tangible personal property, intends to sell it in the regular course of business or is unable to ascertain at the time of purchase whether the service or property will be sold or will be used for some other purpose." There is no denial of the fact that the plaintiff validly held a resale certificate.

General Statutes § 12-411 (12) makes the purchaser who gives a certificate taxable if he makes any storage or

use of the property "other than retention, demonstration or display while holding it for sale in the regular course of business."

The plaintiff paid no sales or use tax on the purchased services or rented lights and there is no claim that the plaintiff acquired them as an agent of the state. In general, a sales tax is imposed on articles acquired within the state and a use tax is imposed on those acquired from outside the state. Except for the services of the city of Stamford or state police officers, the source of the plaintiff's acquisitions is not disclosed. On the agreed facts no distinction is necessary in determining the plaintiff's tax liability. The basic issue is whether the items involved became, under the contracts between the parties, contracts for services or contracts to sell the items to the state. If they were "merely incidental to a special service performed for the [state]" the plaintiff is liable for the tax. *United Aircraft Corporation* v. *O'Connor,* 141 Conn. 530, 539, 107 A.2d 398 (1954). Having given "resale certificates" for the items, the plaintiff is liable for the tax pursuant to General Statutes § 12-411 (12) if it made any storage or use of the items "other than retention, demonstration or display" prior to a sale to the state. "Use" includes "the exercise of any right or power over tangible personal property incident to the ownership of that property" but does not include sale of the property in the regular course of business. General Statutes § 12-407 (5). The plaintiff is tax exempt if it has not used the items as "use" is defined, but not if it has "used" them. *United Aircraft Corporation* v. *Connelly,* 145 Conn. 176, 182, 140 A.2d 486 (1958). "Statutes which exempt from taxation are to be strictly construed against the party claiming an exemption." *Connecticut Theater Foundation, Inc.* v. *Brown,* 179 Conn. 672, 677, 427 A.2d 863 (1980).

The state had contracted with the plaintiff, through its department of transportation, for the construction of highways and bridges. The responsibility of the state to provide for the safety of the public during that operation by closing or restricting traffic and providing lighted warnings of danger was basic. General Statutes §§ 13a-110, 13a-114, 13a-115. The contract required the plaintiff to "provide the services" of watchmen, uniformed traffic officers and lights for the state's signs and barricades. It specified the attire and equipment of watchmen, the type and sufficiency of the lights to be provided, and made all services and lights subject to the direction and order of the state engineer. The sole responsibility of the plaintiff appears to be to provide the services and lighting devices of the type specified. There is no evidence of any control exercised by the plaintiff over the lights beyond placement and maintenance on the state's own signs and barricades as required by the state engineer during the construction. There is no evidence of the plaintiff's control of watchmen or traffic officers beyond making them available to the satisfaction and order of the state engineer. The state paid the plaintiff for the services and rental of lights at the contract price.

It is concluded that the plaintiff's purchase of the services of watchmen and traffic officers and the rental of lighting equipment was not a "use" of those items by the plaintiff but rather that it was a sale of those items to the state, a tax exempt agency. General Statutes § 12-412 (a). Consequently, the plaintiff is not liable for a sales and use tax on those items.

Judgment is rendered accordingly.