WHITE OAK CORPORATION *v.* DEPARTMENT OF REVENUE SERVICES
(2386)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued March 8—decision released June 19, 1984

*Robert L. Klein,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* for the appellant (defendant).

*David J. Heinlein,* with whom, on the brief, was *Yolanda Sefcik,* for the appellee (plaintiff).

PER CURIAM. The plaintiff appealed, pursuant to General Statutes § 12-422, from a decision of the department of revenue services which assessed a use tax deficiency against it. The parties submitted a stipulation of facts to a state trial referee, *Hon. Howard W.*

*Alcorn,* acting as the trial court, who rendered judgment for the plaintiff. The defendant appeals from that judgment.[1] The stipulation of facts, in summary, states that the plaintiff provided the services of watchmen, traffic officers and flagmen, and provided flashing lights as was required by its contracts with the state for highway and bridge construction. The stipulation further provides that the state reimbursed the plaintiff for the cost. A use tax deficiency of $11,818.19 was assessed against the plaintiff on the purchase of these services and the rental of flashing lights. The tax was imposed under General Statutes § 12-411.

The issue of this appeal is whether the trial court erred in finding that the services in question and the rental of equipment were resold to the state and were therefore exempt from the use tax. The defendant argues that the services and equipment were not resold to the state but were used by the plaintiff in performing its contracts and that the plaintiff is not in the business of reselling these items.

The trial court filed a detailed memorandum of decision; *White Oak Corporation* v. *Department of Revenue Services,* 39 Conn. Sup. 234, 475 A.2d 343 (1982); which adequately discusses the facts and the sole issue. After examining the record and the briefs of the parties, we conclude that no further articulation of the law or facts is necessary. *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 436, 472 A.2d 16 (1984); *Hinchliffe* v. *American Motors Corporation,* 192 Conn. 252, 253, 470 A.2d 1216 (1984). The trial court memorandum should be referred to for a detailed discussion.

There is no error.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).