STATE OF CONNECTICUT *v.* LEONARD BARRETT
(5236)

HULL, BORDEN and SPALLONE, Js.

Argued April 8—decision released May 12, 1987

*Maxwell Heiman,* with whom, on the brief, was *William J. Tracy, Jr.,* for the appellant (defendant).

*Judith Rossi,* deputy assistant state's attorney, with whom, on the brief, was *James G. Clark,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, reserving his right to appeal from the denial of his motion to suppress pursuant to General Statutes § 54-94a,[1] entered a written plea of nolo contendere to the charge of possession of cocaine in violation of General Statutes § 21a-279 (a). On appeal, the sole issue is whether it was proper for the court to have denied the defendant's motion to suppress evidence based on an unreasonable search and seizure. General Statutes § 54-94a; *State* v. *Madera,* 198 Conn. 92, 101–102, 503 A.2d 136 (1985).

The trial court, *Miano, J.,* filed a meticulous, complete and legally sound memorandum of decision in which the court found facts supported by the evidence and drew legal conclusions in conformity with applicable law. After examining the record and briefs of the parties, we conclude that no further articulation of the facts or law is required. See *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 436, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984);[2]

___

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2] In *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 436, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984), our Supreme Court stated: "The trial court filed an extensive memorandum of decision . . . in which it discussed both the factual and legal issues involved in

*Hinchliffe* v. *American Motors Corporation,* 192 Conn. 252, 253, 470 A.2d 1216 (1984); *White Oak Corporation* v. *Department of Revenue Services,* 2 Conn. App. 165, 166, 476 A.2d 639 (1984). Accordingly, the trial court memorandum of decision in *State* v. *Barrett,* 40 Conn. Sup. 547, 525 A.2d 558 (1987), should be referred to for a detailed discussion.

There is no error.

the plaintiff's claims for relief. After examining the record on appeal and after considering the briefs of the parties and their arguments, we conclude that there is no error in the judgment from which the appeals were taken and that the memorandum of decision filed by the trial court adequately and properly disposes of the contentions of the parties before us. . . . [T]hat decision so completely articulates the issues involved in this appeal and so adequately explains the legal basis for its conclusions that it may appropriately be referred to for a detailed discussion of the facts and the applicable law. To incorporate that discussion herein would be redundant." (Citation omitted.)