## STATE OF CONNECTICUT *v.* WILSON J. BOLANOS
## (AC 19404)

Schaller, Spear and Daly, Js.

Argued December 8, 1999—officially released June 20, 2000

*Bruce R. Lockwood*, deputy assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Sarah Steere*, deputy assistant state's attorney, for the appellant (state).

*Gregg W. Wagman,* with whom, on the brief, was *Jeffrey LaPierre,* law student intern, for the appellee (defendant).

*Opinion*

SPEAR, J. The state appeals[1] from the judgment of the trial court dismissing the information that charged the defendant, Wilson J. Bolanos, with operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a.[2] The state claims that the trial court improperly granted the defendant's motion to suppress all evidence seized as a result of his arrest because the arresting officer had a reasonable and articulable suspicion that the defendant was operating under the influence and properly stopped him. We agree and reverse the judgment of the trial court.

The jury reasonably could have found the following facts. On August 23, 1998, Officer Andre G. Parker of the Waterford police department was working general patrol on the midnight shift. At that time, he had fifteen years of law enforcement experience and had received specialized training in making drunk driving stops. In the early morning of August 23, Parker received a dispatch that an individual was leaving a nightclub known as Flashbacks.[3] Parker was told that a nightclub employee had called to report that an intoxicated per-

---

[1] Pursuant to General Statutes § 54-96, the trial court granted the state's motion for permission to appeal.

[2] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state . . . (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[3] The state notes that the police report referred to the nightclub as "Flash Baxx."

son had left the establishment and was driving a car east on Route 1. The caller further identified the car by make, model and color.

Flashbacks is on Route 1, and Parker knew that employees of Flashbacks had reported intoxicated drivers in the past. Within a few minutes of receiving the information, Parker noticed a red Pontiac Grand Am that fit the description he had received pass by his location. He followed the Grand Am for approximately one mile, but noted no irregular operation. Parker stopped the Grand Am at a safe place in the area of the Waterford Shopping Center. This area is approximately three miles from Flashbacks. The defendant was the only person in the car, and Parker noticed that his eyes were glassy and that his actions were slow and unsteady. Parker also smelled an odor of liquor on the defendant's breath. After administering field sobriety tests, Parker arrested the defendant for operating his motor vehicle while under the influence of intoxicating liquor in violation of § 14-227a.

The following procedural history is relevant to this appeal. The defendant filed a motion to suppress all evidence that had been obtained pursuant to the stop of his motor vehicle on the ground that Parker did not have a reasonable and articulable suspicion to stop his car pursuant to *Terry* v. *Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). The court granted the defendant's motion and, after dismissing the case, granted the state permission to appeal.

The court concluded that Parker lacked a reasonable and articulable suspicion to stop the defendant because (1) prior to the stop, Parker did not know the name of the Flashbacks employee who had furnished the information, (2) Parker had no information that this particular employee had had any training in detecting intoxicated drivers, (3) the employee did not state that

he had observed the defendant driving erratically, (4) there was no corroboration as to the identity of the defendant and (5) Parker did not observe any erratic driving by the defendant.

Our review of the trial court's determination of whether reasonable and articulable suspicion existed "involves a two-part analysis: (1) whether the underlying factual findings of the trial court are clearly erroneous; and (2) whether the conclusion that those facts give rise to such a suspicion is legally correct." *State* v. *Kyles*, 221 Conn. 643, 660, 607 A.2d 355 (1992). A stop by the police is warranted only if the officer can point to specific and articulable facts that, together with rational inferences from those facts, reasonably warrant the intrusion. *State* v. *Cofield*, 220 Conn. 38, 45, 595 A.2d 1349 (1991). The state agrees with the trial court's finding of facts, but asserts that its legal conclusion is incorrect.

"An investigatory stop is authorized if the police officer had a reasonable and articulable suspicion that a person has committed or is about to commit a crime. *State* v. *Lamme*, 216 Conn. 172, 184, 579 A.2d 484 (1990)." (Internal quotation marks omitted.) *State* v. *Coardes*, 51 Conn. App. 112, 115–16, 720 A.2d 1120 (1998), cert. denied, 247 Conn. 957, 723 A.2d 814 (1999), cert. denied, 526 U.S. 1094, 119 S. Ct. 1511, 143 L. Ed. 2d 663 (1999). "Reasonable and articulable suspicion is an objective standard that focuses not on the actual state of mind of the police officer, but on whether a reasonable person, having the information available to and known by the police, would have had that level of suspicion. . . . The police officer's decision . . . must be based on more than a hunch or speculation. . . . In justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences

from those facts, reasonably warrant that intrusion." (Internal quotation marks omitted.) *State* v. *Wilkins*, 240 Conn. 489, 496, 692 A.2d 1233 (1997).

We conclude that under the facts of this case, Parker had a reasonable and articulable suspicion that the defendant committed or was about to commit a crime. First, although the informant's identity was not known to Parker at the time that he received the information, the informant's identity was ascertainable because he was an employee of Flashbacks, a nightclub familiar to the police through past contacts. "When an informant provides sufficient information so that he may be located and held accountable for providing false information, the officer is justified in assuming the caller is being truthful in so identifying himself." *Playle* v. *Commissioner of Public Safety*, 439 N.W.2d 747, 748 (Minn. App. 1989). In *Playle*, the police had a tip from an unnamed employee of a local restaurant that a drunk driver was leaving the premises. The court deemed that sufficient information to identify the informer. See *Minnetonka* v. *Shepherd*, 420 N.W.2d 887, 890 (Minn. 1998); *Glover* v. *State*, 870 S.W.2d 198, 200 (Tex. App. 1994). Moreover, citizen informers are presumptively reliable if they are identifiable. See *State* v. *Barrett*, 40 Conn. Sup. 547, 551, 525 A.2d 558 (1985), aff'd, 10 Conn. App. 667, 525 A.2d 139 (1987); see also *State* v. *Rodriguez*, 223 Conn. 127, 141 n.11, 613 A.2d 211 (1992); *State* v. *Daley*, 189 Conn. 717, 723–25, 458 A.2d 1147 (1983).

Second, it is reasonable to infer that the employee who furnished the information knew when a person was under the influence of intoxicating liquor because of his job in a nightclub that serves alcoholic beverages. Additionally, "laymen may testify as to their opinion of whether a person is intoxicated." (Internal quotation marks omitted.) *State* v. *Lamme*, 19 Conn. App. 594,

606, 563 A.2d 1372 (1989), aff'd, 216 Conn. 172, 579 A.2d 484 (1990).

Third, we note that the information was corroborated by Parker's own observations as to the make, model, color and, more importantly, the direction the car was traveling. In *State* v. *Anderson*, 24 Conn. App. 438, 445, 589 A.2d 372, cert. denied, 219 Conn. 903, 593 A.2d 130 (1991), this court affirmed a conviction in a case in which a police officer had stopped a vehicle after receiving an anonymous telephone call that a brown Mack garbage truck, owned by a certain sanitation company and containing two occupants, was being operated by a person whose driver's license was suspended. This court concluded that the officers had a reasonable and articulable suspicion sufficient to stop the vehicle because of the officer's visual confirmation of the details of the tip.

We must also note the state's pervasive interest in preventing drunk driving and the attendant tragedies that often result from the operation of a motor vehicle by intoxicated persons. See *State* v. *Lamme,* supra, 216 Conn. 184; *State* v. *Pierog,* 33 Conn. App. 107, 111–12, 634 A.2d 301 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994). Because of this pervasive public interest, the officer was not required to wait for erratic driving or an accident to occur before pulling over the defendant.

Under these facts, the trial court improperly determined that Parker did not have a reasonable and articulable suspicion to stop the defendant's vehicle. For that reason, the trial court's legal conclusion was incorrect.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.