[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant filed a motion to suppress any and all evidence and the fruits thereof as a result of the alleged warrantless arrest of the defendant. A hearing was held on this motion on May 2, 2001. At the hearing, the State presented testimony and evidence from Officer Steven Pisarski of the Torrington Police Department.
The facts found by the court from Officer Pisarski's testimony are as follows: CT Page 8480
On October 16, 2000 at approximately 1:06 a.m., Officer Pisarski was on duty in Torrington. Officer Pisarski was driving a marked Torrington Police Department cruiser. On this evening at the time indicated, Officer Pisarski was parked in the parking lot at 882 East Main Street, Torrington. The business establishment of this location is a Sunoco gasoline station, which was closed for business for the evening. This location is a corner lot, with Crestwood Road intersecting East Main Street. On this date, at the above time, Officer Pisarski observed a black Mercury Sable approaching from his left as he was parked in the lot facing East Main Street. As the black Mercury Sable passed the front of his vehicle, Officer Pisarski observed the black Mercury Sable swerve off the main travel portion of East Main Street and Crestwood Road. As represented by photographs introduced into evidence during the hearing, the curb area consists of a concrete sidewalk area, a grassed area between the sidewalk and East Main Street and wooden utility pole.
Officer Pisarski testified further that the black Mercury Sable upon swerving onto the curb nearly struck the utility pole. Officer Pisarski observed the black Mercury Sable stop abruptly to avoid striking the utility pole and then the vehicle backed up and turned back onto the main travel portion of the road continuing to proceed up East Main Street. Officer Pisarski having observed the erratic operation of the black Mercury Sable proceeded to put his lights on and pull the black Mercury Sable over to determine why the vehicle had been operating in an unsafe manner.
Officer Pisarski testified that based on his experience and training there were several possible public safety concerns with the operation of the black Mercury Sable, taking into consideration the hour of the evening. Among those concerns was the possibility that he driver of the vehicle may have been operating under the influence of alcohol and/or drugs.
Upon stopping the black Mercury Sable, the driver was identified as the defendant. Officer Pisarski detected the odor of alcohol on the defendant's breath, that the defendant fumbled for his license and registration, that the defendant admitted drinking four beers when asked by Officer Pisarski if he had been drinking, and that the defendant's speech was slurred. Based on these observations, Officer Pisarksi called for back up which arrived in 3-5 minutes in the person of Officer Deloy. The defendant was requested to submit to field sobriety tests which he failed and was placed under arrest for driving under the influence in violation of General Statutes § 14-227a. The defendant did submit to chemical analysis at the police station, the results of which were .220 and .216. CT Page 8481
The defendant filed his motion to suppress on the basis that Officer Pisarski did not have a reasonable and articulable suspicion to stop the defendant's vehicle and therefore all subsequent evidence obtained as a result of the stop should be suppressed as it was illegally obtained. The defendant relies upon article first, § 7, of the constitution of Connecticut[1] and cases cited in his brief in support of his motion.
Reasonable and articulable suspicion has been defined by our Supreme Court as follows:
 Reasonable and articulable suspicion is an objective standard that focuses not on the actual state of mind of the police officer, but on whether a reasonable person, having the information available to and known by the police, would have had that level of suspicion . . . The police officer's decision . . . must be based on more than a hunch or speculation . . . In justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. (Citations omitted; internal quotation marks omitted.) State v. Gant, 231 Conn. 43, 65, 646 A.2d 835 (1994), cert. denied, 514 U.S. 1038, 115 S.Ct. 1404, 131 L.Ed.2d 291 (1995).
State v. Wilkins, 240 Conn. 489, 496 (1997).
 The idea that an assessment of the whole picture must yield a particularized suspicion contains two elements, each of which must be present before a stop is permissible. First, the assessment must be based upon all of the circumstances . . . [which second,] must raise a suspicion that the particular individual being stopped is engaged in wrongdoing. United States v. Cortez, supra, 418; see State v. Januszewski,
supra. We also have repeatedly stated that a police officer's decision to make such an investigatory stop must be predicted "on more than a mere hunch." State v. Januszewski, supra, 149; see also State v. Acklin, 171 Conn. 105, 111, 368 A.2d 212 (1976); State v. Watson, supra, 585.
State v. Scully, 195 Conn. 668, 675 (1985). CT Page 8482
In the case of State v. Lipscomb, 58 Conn. App. 267, 271-73, cert. granted, 254 Conn. 932 (2000), the Appellate Court recently reviewed the law in Connecticut on investigatory stops:
 "Article first, §§ 7 and 9 of our state constitution permit a police officer in appropriate circumstances and in an appropriate manner to detain an individual for investigative purposes even though there is no probable cause to make an arrest. State v. Mitchell, [204 Conn. 187, 195, 527 A.2d 1168, cert. denied, 484 U.S. 927, 108 S.Ct. 293, 98 L.Ed.2d 252 (1987)]; State v. Lamme, 216 Conn. 172, 184, 579 A.2d 484 (1990). In determining whether the detention was justified in a given case, a court must consider if [b]ased upon the whole picture the detaining officers [had] a particularized and objective basis for suspecting the particular person stopped of criminal activity. State v. Scully, 195 Conn. 668, 674, 490 A.2d 984 (1985), quoting United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). A court reviewing the legality of a stop must therefore examine the specific information available to the police officer at the time of the initial intrusion and any rational inferences to be derived therefrom. See State v. Braxton, 196 Conn. 685, 689, 495 A.2d 273 (1985). These standards, which mirror those set forth by the United States Supreme Court in Terry v. Ohio, [392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)], with regard to fourth amendment analysis, govern the legality of investigatory detentions under article first, §§ 7 and 9 of our state constitution. State v. Lamme, supra [184]; State v. Scully, supra, 674-75 n. 12." (Internal quotation marks omitted.) State v. Oquendo, 223 Conn. 635, 654, 613 A.2d 1300 (1992).
"Police have the right to stop for investigation short of arrest where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot . . . [I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." (Citations omitted; internal quotation marks omitted.) State v. Watson, 165 Conn. 577, CT Page 8483 584-85, 345 A.2d 532 (1973), cert. denied, 416 U.S. 960, 94 S.Ct. 1977, 40 L.Ed.2d 311 (1974). "[A] police officer's decision to detain an individual for investigatory purposes must be predicated on more than a mere hunch. State v. Scully, supra, [195 Conn.] 675; State v. Aversa, 197 Conn. 685, 691, 501 A.2d 370
(1985)." (Internal quotation marks omitted.) State v. Oquendo, supra, 223 Conn. 656. "`An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.'" State v. Scully, supra, 674.
See also, State v. Donahue, 251 Conn. 636, (1999), cert. denied, ___ U.S. ___, 121 S.Ct. 299, 148 L.Ed.2d 240 (2000).
In this matter, Officer Pisarski observed unusual conduct in the operation of the black Mercury Sable by the defendant, Justo Colon. This unusual conduct was the fact that black Mercury Sable traveled off the main roadway onto the curb and nearly striking a utility pole. This conduct was observed by Officer Pisarski. This was not conduct reported to Officer Pisorski by a third party. In light of Officer Pisarski's observations, experience and taking into consideration the time of the evening, it would have been reasonable for Officer Pisarski to infer and conclude that a reasonable and articulable suspicion existed to warrant the intrusion of an investigatory stop of the defendant at that time. Based on Officer Pisarki's experience it is reasonable that he would have known that the majority of driving under the influence charges arise in the late evening and early morning hours when individuals leave bars, restaurants and drinking establishments. Taking this information into consideration, Officer Pisarski had more than a "hunch" justifying the initial investigatory stop. The subsequent observations and actions of the defendant after the stop were therefore legally obtained and are admissible in the upcoming trial of this matter.
In State v. Harrison, 30 Conn. App. 108, 112 (1993), aff'd 228 Conn. 758
(1994), the court stated the following, quoting from State v. Lamme,216 Conn. 172, 184 (1990):
Our Supreme Court has also recognized the pervasive societal interest in the apprehension and punishment of drunken drivers and has found that "balancing the circumscribed nature of a Terry stop intrusion against the serious risks of criminal behavior, especially in the context of the risks associated with driving while under the influence of intoxicating liquor, we are persuaded that [brief detention] does not violate due CT Page 8484 process."
See also, State v. Bolanos, 58 Conn. App. 365 (2000).
In conclusion, Officer Pisarski testified to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warranted the investigatory stop of the defendant and subsequent evidence obtained therefrom. Therefore, the defendant's motion to suppress is denied.
Agati, J.