[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SUPPRESS
The defendant Wieslaw Jakubiec, through counsel, filed a Motion to Suppress, dated April 11, 2001. An evidentiary hearing was held before this Court on June 19, 2001. The motion was argued before this Court on or about November 16, 2001 and was received on the papers.
The sole witness at the evidentiary hearing, Officer Christopher Iovene of the Wallingford Police Department, testified that on August 17, 2000, he was dispatched to a call of a possible intoxicated driver in the parking lot of Stella's Pizza at 23 South Colony Road in Wallingford. The dispatcher told the officer that the driver was a middle aged man, that he had been slumped over the wheel, that he was operating a green Jeep Cherokee with the plate 598-KAA. Off. Iovene further testified that when he arrived at the lot, he met a woman named Christine Decker, who he knew from previous dealings. Mrs. Decker had indicated to him that:
 1. Her daughter (later identified as Rachel Decker) had called the police about the driver in the parking lot.; CT Page 17388
2. The driver had just left;
3. At first, he had attempted to leave the lot by the wrong way;
4. She had seen him drinking an alcoholic beverage;
5. He threw the bottle somewhere;
6. He thought he was intoxicated;
After speaking briefly to Mrs. Decker, Off. Iovene testified that he pulled out of the parking lot onto Center Street and saw a vehicle matching the description of the suspect vehicle two car lengths ahead of his vehicle, stopped at a red light. After the light changed and traffic proceeded, he activated his lights and siren, passed the two vehicles ahead of him, and got behind the suspect vehicle. He then observed the suspect vehicle swerve within its lane prior to pulling over and coming back onto the roadway. The suspect vehicle eventually pulled over approximately one and one-half (1 1/2) blocks further on Center Street. He identified the defendant Wieslaw Jakubiec as the operator of the Jeep Cherokee on August 17, 2000.
A section of audio tape from the Wallingford Police Department dispatch center was admitted into evidence during the hearing as a State's exhibit. The defendant produced a copy of Off. Iovene's police report, as well as two pages from the defendant's DMV hearing as its exhibits. The position of the defendant is that Off. Iovene lacked reasonable and articulable suspicion to stop the defendant's vehicle.
An investigatory stop is authorized if police have a reasonable and articulable suspicion that a person or persons committed or are about to commit a crime. State v. Lipscomb, 258 Conn. 68 (2001); State v. Lamme,216 Conn. 172, 579 A.2d 484 (1990); Terry v. Ohio, 392 U.S. 1, 20-22,88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and subsequent cases. See, e.g.,United States v. Hensley, 469 U.S. 221, 227, 105 S.Ct. 675,83 L.Ed.2d 604
(1985); Florida v. Royer, 460 U.S. 491, 499-500, 103 S.Ct. 1319,75 L.Ed.2d 229 (1983). In State v. Lipscomb, Chief Justice Sullivan wrote:
 "[I]n justifying [a] particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." (Internal quotation marks omitted.); see also Terry v. Ohio, supra, 392 U.S. 21; State v.CT Page 17389 Januszewski, 182 Conn. 142, 148-49, cert. denied, 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1005
(1981).(1982)
258 Conn. 75.
Under the fourth amendment to the United States constitution and article first, §§ 7 and 9, of our state constitution, a police officer is permitted "in appropriate circumstances and in an appropriate manner" to detain an individual for investigative purposes if the officer believes, based on a "reasonable and articulable suspicion" that the individual is engaged in criminal activity, even if there is no probable cause to make an arrest. Alabama v. White, 496 U.S. 325, 330-31,110 S.Ct. 2412, 110 L.Ed.2d 301 (1990); Terry v. Ohio, 392 U.S. 1, 22,88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Mitchell, 204 Conn. 187,194-95, 527 A.2d 1168, cert. denied, 484 U.S. 927, 108 S.Ct. 293,98 L.Ed.2d 252 (1987).
The test used to determine whether a reasonable and articulable suspicion exists is that of the totality of the circumstances.
"Whether a reasonable and articulable suspicion exists depends on the totality of the circumstances." State v. Coardes, 51 Conn. App. 112,116, 720 A.2d 1121 (1998), cert. denied, 247 Conn. 957, 723 A.2d 814
(1999), cert. denied, 526 U.S. 1094, 119 S.Ct. 1511, 143 L.Ed.2d 663. See also, State v. Anderson, 24 Conn. App. 438, 441, 589 A.2d 372, cert. denied, 219 Conn. 903, 593 A.2d 130 (1991).
"Reasonable and articulable suspicion is an objective standard that focuses not on the actual state of mind of the police officer, but on whether a reasonable person, having the information. available to and known by the police, would have had that level of suspicion." State v.Torres, 230 Conn. 372, 379, 645 A.2d 529 (1994). See also State v.Lipscomb, supra, 258 Conn. 75. "The police officer's decision . . . must be based upon more than a hunch or speculation." State v. Cofield,220 Conn. 38, 45, 545 A.2d 1349 (1991).
In State v. Bolanos, 58 Conn. App. 365 (2000) 753 A.2d 943, the Appellate Court decided issues similar to this matter. In Bolanos, a police officer received information from his dispatcher that a nightclub employee had called the police to report that an intoxicated person had left the establishment and was driving a car east on Route 1. The caller further identified the car by make, model and color. The officer, Officer Parker, knew that employees of the nightclub had reported intoxicated drivers in the past. Within a few minutes of receiving the information, the officer noticed a motor vehicle that fit the description he had CT Page 17390 received pass by his location. He followed the motor vehicle for approximately one mile, but noted no irregular operation-prior to stopping it. Subsequently, the operator was arrested for operating under the influence.
In reversing the decision of the final court to grant the defendant's motion to suppress, the Appellate Court (Spear, J.) wrote:
 "We conclude that under the facts of this case, Parker had a reasonable and articulable suspicion that the defendant committed or was about to commit a crime. First, although the informant's identity was not known to Parker at the time that he received the information, the informant's identity was ascertainable because he was an employee of Flashbacks, a nightclub familiar to the police through past contacts. "When an informant provides sufficient information so that he may be located and held accountable for providing false information, the officer is justified in assuming the caller is being truthful in so identifying himself." Playle v. Commissioner of Public Safety, 439 N.W.2d 747, 748
(Minn.App. 1989). In Playle, the police had a tip from an unnamed employee of a local restaurant that a drunk driver was leaving the premises. The court deemed that sufficient information to identify the informer. See Minnetonka v. Shepherd, 420 N.W.2d 887, 890 (Minn. 1998); Glover v. State, 870 S.W.2d 198, 200 (Tex.App. 1994). Moreover, citizen informers are presumptively reliable if they are identifiable. See State v. Barrett, 40 Conn. Sup. 547, 551, 525 A.2d 558 (1985), aff'd., 10 Conn. App. 667, 525 A.2d 139 (1987); see also State v. Rodriguez, 223 Conn. 127, 141 n. 11, 613 A.2d 211 (1992); State v. Daley, 189 Conn. 717, 723-25, 458 A.2d 1147 (1983).
 Second, it is reasonable to infer that the employee who furnished the information knew when a person was under the influence of intoxicating liquor because of his job in a nightclub that serves alcoholic beverages. Additionally, "laymen may testify as to their opinion of whether a person is intoxicated." (Internal quotation marks omitted.) State v. Lamme, 19 Conn. App. 594, 606, 563 A.2d 1372 (1989), aff'd., 216 Conn. 172, 579 A.2d 484 (1990). CT Page 17391
 Third, we note that the information was corroborated by Parker's own observations as to the make, model, color and, more importantly, the direction the car was traveling. In State v. Anderson, 24 Conn. App. 438, 445, 589 A.2d 372, cert. denied, 219 Conn. 903, 593 A.2d 130 (1991), this court affirmed a conviction in a case in which a police officer had stopped a vehicle after receiving an anonymous telephone call that a brown Mack garbage truck, owned by a certain sanitation company and containing two occupants, was being operated by a person whose driver's license was suspended. This court concluded that the officers had a reasonable and articulable suspicion sufficient to stop the vehicle because of the officer's visual confirmation of the details of the tip.
 We must also note the state's pervasive interest in preventing drunk driving and the attendant tragedies that often result from the operation of a motor vehicle by intoxicated persons. See State v. Lamme, supra, 216 Conn. 184; State v. Pierog, 33 Conn. App. 107, 111-12, 634 A.2d 301 (1993), cert. denied, 228 Conn. 917, 636 A.2d 849 (1994). Because of this pervasive public interest, the officer was not required to wait for erratic driving or an accident to occur before pulling over the defendant."
58 Conn. App. 369-70.
The Court finds that Off. Iovene did have, under the totality of the circumstances, reasonable and articulable suspicion to believe that the defendant was operating a motor vehicle under the influence prior to his turning on his lights and pulling over the defendant's vehicle. First, Off. Iovene received his information from individuals that were either known to him (Christine Decker) or could be located (Rachel Decker). Additionally, Christine Decker had supplied him with information in the past in reference to other criminal complaints that she had made. Off. Iovene knew the identity of the informants prior to stopping the defendant. Citizen informers are presumptively reliable if they are identifiable. State v. Bolanos, supra. See also State v. Barrett, supra.
The Court further finds that the nature of the information supplied by the Deckers was sufficient to justify a reasonable and articulable suspicion by Off. Iovene. State v. Bolanos, supra. See also State v.Barrett, supra, and State v. Lamme, 19 Conn. App. at 606. CT Page 17392
Finally, like Off. Parker in State v. Bolanos, Off. Iovene was able to corroborate some of the information received by the dispatcher from Rachel Decker concerning the defendant's motor vehicle prior to making the stop.
Therefore, it is the order of the this Court that the Defendant's Motion to Suppress be DENIED.
Dated: December 31, 2001
Taylor, J.