[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SUPPRESS
Pursuant to the case of Terry v. Ohio, 392 U.S. 1 (1968), the Fourth Amendment standard for an investigatory stop of a motor vehicle by a police officer is "a reasonable and articulable suspicion". This is a lesser standard than that of probable cause. The reliability of the CT Page 7055-d information leading to the motor vehicle stop need not meet a probable cause standard. "A stop by the police is warranted only if the officer can point to specific and articulable facts that, together with rational inferences from those facts, reasonably warrant the intrusion." State v.Bolanos, 58 Conn. App. 365, 368, 753 A.2d 943 (2000) (citing State v.Cofield, 220 Conn. 38, 45, 595 A. 1349 [1991]).
The question is whether the information is reliable in this case, given that the police officer did not himself witness erratic driving by Mr. Winarski. Reliability is based upon an examination of the totality of the circumstances. United States v. Wheat, (8th Cir. 2001), Criminal Law Reporter, Vol. 70, #15, 290 (1/16/02). (Auto operation is a special circumstance because the vehicle is moving.)
In this case:
 1. The information from the complaining witness as to the make, model, registration and direction of travel of the defendant's vehicle was made available to the police officers prior to the stop, so that the identity of the vehicle in question was objective and particularized.
 2. The complaining witness Andrew Esposito identified himself in his telephone call and stayed on the phone watching the defendant's vehicle while the police officers were dispatched. "When an informant provides sufficient information so that he may be located and held accountable for providing false information, the officer is justified in assuming the caller is being truthful in so identifying himself." State v. Bolanos, supra, 369.
 3. Connecticut Appellate Court and Connecticut Supreme Court cases frequently use the terms "erratic driving" and "erratic operation" in describing suspicious behavior justifying a motor vehicle stop by a police officer. Such words, and in particular the word "erratic", in describing the operation of a motor vehicle on the highways, do not require expertise by the observer to understand their common usage. Erratic operation of a motor vehicle on the highway may reasonably be presumed by the police to necessitate a stop of the motor vehicle. If the informant was reasonably reliable, as here, then his claim of erratic driving was sufficient for a stop by the police.
The motion to suppress is denied. CT Page 7055-e
Winslow, J.